UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| MICHAEL GREGORY & <br> FRAN GREGORY <br><br> *Plaintiffs,* <br><br> v. <br><br> PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS <br><br> *Defendant.* | CAUSE NO.: <br>   1:23cv239 HSO-BWR |

## COMPLAINT

**NOW INTO COURT,** by and through undersigned counsel, comes Plaintiffs, **MICHAEL GREGORY AND FRAN GREGORY**, husband and wife, persons of the full age of majority, and residents of Lumberton, Mississippi, and files this Complaint against Defendant, **PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS**.

## INTRODUCTION

1.

Plaintiffs, Michael Gregory and Fran Gregory, are legally married and residents of, citizens of, and are domiciled at 10760 Thomas School Road, Lumberton, Mississippi 39455.

2.

Defendants, Pinnacle Climate Technologies, Inc. (hereinafter "Pinnacle"), d/b/a Master Industrial Products (hereinafter "Master"), is a Delaware Corporation with its principal place of business in the State of Minnesota and engaged in business in the state of Mississippi.

3.

Defendant, Pinnacle, may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

4.

The product involved in this action is the Master Low-Profile 18,000 BTU Portable Cabinet Propane Heater Model No. MH-18-PNCH-A (hereinafter "subject heater"). Mr. Gregory purchased the heater from Tractor Supply Co. on January 2, 2022, in Wiggins, Stone County, Mississippi.

5.

On Monday, January 3, 2022, the subject heater manufactured (and sold) by Pinnacle Climate Technologies, Inc. caused plaintiff, **MICHAEL GREGORY,** to suffer severe burns when it exploded upon plaintiff's attempt to start the heater which have caused plaintiffs to incur substantial medical expenses and Mr. Gregory to suffer severe scarring, disability, and other recoverable damages. This action is brought against the defendants pursuant to the laws of the State of Mississippi to recoup all compensatory and punitive damages to which the plaintiffs are entitled as a result of the personal injuries suffered by Mr. Gregory.

6.

As a result of the aforesaid explosion, plaintiff suffered severe injuries and losses to property, as well as bodily injury damages, for which plaintiffs seek all reasonable past and future damages from the defendant, including, but not limited to physical pain and suffering, past and future medical expenses, past and future disability, mental anguish and emotional distress, loss of the enjoyment of life, loss of wages and/or earning capacity, loss of use, property damage and related expenses and all other damages as may be assessed following a trial of this matter.

## JURISDICTION AND VENUE

7.

This Court has venue and original subject matter jurisdiction over this matter pursuant to 28 USC § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is one between citizens of different states. Plaintiff is entitled to a trial by jury and respectfully requests a trial by jury on all issues raised herein.

8.

This Court has personal jurisdiction over the out of State Defendant pursuant to 28 USC § 1332 as it transacts business within this state, committed tortious acts or omissions within this state, and/or committed tortious injury in this state caused by an act or omission outside of this state as our defendant does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. Assertion of personal jurisdiction over defendant is also in accordance with the provisions and protections of the United States Constitution.

9.

Venue is proper in this Court because a substantial part of the events giving rise to this action occurred in the jurisdiction of the United States District Court for the Southern District of Mississippi.

10.

Upon information and belief, and at all times relevant herein, defendant, Pinnacle, was engaged in the business of designing, manufacturing, fabricating, producing, assembling, importing, marketing, distributing, selling and/or otherwise placing into the stream of commerce various heating productions and accessories, including the subject heater.

11.

Defendant has purposefully availed itself of the privilege of conducting business activities within the State of Mississippi by placing its products, including the portable propane heater at issue in this matter, into the stream of commerce by advertising its products and establishing retail facilities within the State of Mississippi.

12.

Defendant derives substantial revenue from goods sold and used in the State of Mississippi.

13.

Defendant does reasonably expect, or should reasonably expect, that its business activities could or would have consequences within the State of Mississippi.

14.

Defendant has established continuous and systematic contact with the State of Mississippi sufficient to confer general jurisdiction, which will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

## FACTUAL ALLEGATIONS

15.

On January 2, 2022, the subject heater was purchased by Michael Gregory from Tractor Supply Co. at 2110 Azalea Dr. South, Wiggins, Mississippi 39577.

16.

On January 3, 2022, plaintiff was operating the subject heater while working in his shed, which is not connected or attached to his home, in Lumberton, Mississippi.

17.

On January 3, 2022, plaintiff was working in his shed outside of his residence at 10760

Thomas School Road Lumberton, Pearl River County, Mississippi 39455. Mr. Gregory had just attached a propane tank from Tractor Supply Co. After attempting to bleed the line as instructed, plaintiff stepped away from the subject heater, opened the door, and stepped outside. After smelling no gas, he approached the subject heater, which then burst into flames and exploded in his face as he neared the heater. The failure was sudden, catastrophic, and came without any warning that reasonable user of the subject heater could have detected.

18.

As the subject heater exploded, the fire burned portions of Mr. Gregory's head, face, hands, and eye region. The explosion caused substantial, permanent, and irreversible injuries.

19.

Mr. Gregory sought medical care in order to address his injuries and continues to suffer from injuries to his eye and scarring to his face, hands, and head.

20.

The subject heater purchased by plaintiff was designed, manufactured and/or distributed by defendant, Pinnacle.

21.

As a result of his injuries, Michael Gregory has incurred hospital expenses and additional medical expenses will be incurred.

22.

As a result of his injuries, Michael Gregory has lost wages as a musician and will lose additional wages in the future, and he has suffered a loss of income earning capacity as a result of the accident.

23.

Due to the severity of the injuries, Michael Gregory has and will continue to suffer a reduced quality of life and loss of enjoyment of life as a result of his injuries.

## CLAIMS UNDER MISSISSIPPI PRODUCTS LIABILITY ACT
## COUNT I – DEFECTIVELY DESIGNED PRODUCT

24.

Plaintiffs re-allege and adopt each of the allegations set forth above as if fully set forth herein.

25.

The subject heater designed, manufactured, assembled, marketed, distributed, and sold by defendant, Pinnacle, and marketed and sold by Tractor Supply Co. was defective and/or unreasonably dangerous when manufactured and sold.

26.

The subject heater designed, manufactured, assembled, marketed, distributed, and sold by Pinnacle and marketed and sold by Tractor Supply Co. was the producing cause of plaintiff's injuries and damages.

27.

Defendant, Pinnacle, is engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling portable heaters, including the subject heater, to consumers by placing said product in the stream of commerce.

28.

Defendant expected the subject heater, introduced and passed on in the course of trade, to ultimately reach residential consumers and/or users without substantial change in the condition in which it was originally sold.

29.

The subject heater was without any change in the condition from which it was originally manufactured and sold by defendant and unexpectedly caused severe burn injuries to plaintiff under ordinary, foreseeable and intended use.

30.

At the time the subject heater left defendant's control, and at all times complained of, safer alternative designs were available that would have eliminated the risk of the subject heater exploding and causing the burns at issue without substantially impairing the usefulness and intended purpose of the product.

31.

The subject heater was unreasonably dangerous and defective in that its design and construction allowed for gas to continue to leak outside of just bleeding the line; said design fails to ensure that individuals coming in close proximity of the heater would not be subjected to excessive explosive propane built up prior to the ignition of the subject heater.

32.

The defective and unreasonably dangerous design of the subject heater was the direct and sole proximate cause of the Plaintiff's injuries and damages which include, but are not limited to, past, present, and future medical expenses, economic loss, pain and suffering, permanent disability, scarring and disfigurement, mental anguish, emotional distress, and loss of enjoyment of life.

33.

Based on the foregoing, pursuant to Mississippi Products Liability Act, defendant, Pinnacle, is liable for the injuries and damages sustained by the plaintiffs.

## **COUNT II – FAILURE TO CONTAIN ADEQUATE WARNINGS**

34.

Defendant had duty to warn the owners and users of the subject heater, including the plaintiff, of any dangerous condition or defect that it knew or reasonably should have known about including, but not limited to, the propensity for the Master Low-Profile 18,000 BTU Portable Cabinet Propane Heater Model No. MH-18-PNCH-A and other similar model heaters to explode and burn whoever is in front of it or in its vicinity.

35.

Defendant owed duty of care to the owners, purchasers, and users of the subject heater, including the plaintiffs, and the consuming public in general, to ensure that the heater it designed, manufactured, and/or sold are safe and free from defects.

36.

Defendant specifically marketed the subject heater as both durable and safe for its intended uses. Heaters should be designed to withstand many years—even decades—of continuous or semi-continuous use without exploding and catastrophically failing. In fact, a non-defective heater should be designed in such way that the heater survives the reasonably expected life of the product.

37.

Based upon the foregoing, defendant was negligent and its conduct was the factual cause of the injuries, harm, damages, and losses of plaintiff in that Pinnacle:

(a) Designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold (whether in whole or in part) the subject heater, which contains a safety defect;

(b) Failed to carefully, properly, or adequately test the subject heater or the Master Low-Profile 18,000 BTU Portable Cabinet Propane Heater Model No. MH-18-

PNCH-A model line to ensure that it was reasonably safe for its intended and foreseeable uses;

(c) Failed to implement quality control/assurance processes that were sufficient to identify that the subject heater contained a safety defect;

(d) Negligently and falsely represented and marketed the subject heater as being safe and durable for its intended use over the long term; and,

(e) Failed to warn its customers, users of subject heater (including Mr. Gregory), and the consuming public in general about the propensity of its Master Low-Profile 18,000 BTU Portable Cabinet Propane Heater Model No. MH-18-PNCH-A to explode and catastrophically fail.

38.

The tortious conduct of defendant was not only negligent, but it exhibited willful, reckless, and/or wanton disregard for life and property because defendant knew that there was considerable risk of severe injury in the event that its heaters failed in the manner in which the subject heater did here. Because of this, defendant was required to take special care and precautions by ensuring that its heaters and propane tanks were safe for their intended uses, over long period of time. Moreover, defendant had an affirmative duty to warn the plaintiffs and its other customers about potential failures in their heaters that could result in serious injury. Defendant failed to do any of these things and breached its duties to the plaintiff and its other customers in these and other respects. For this and other reasons, defendant is liable to the plaintiffs for all damages allowable by law, including punitive damages.

## COUNT III – PRODUCT DESIGNED IN DEFECTIVE MANNER RENDERED THE PRODUCT UNREASONABLY DANGEROUS

39.

Plaintiffs re-allege and adopt each of the allegations set forth above as if fully set forth herein.

40.

The defendant owed consumers and/or foreseeable users, including the plaintiff, a duty of reasonable care in the design, manufacture, assembly, marketing, distribution, and sale of the subject heater.

41.

The subject heater was both unreasonably dangerous and defective at the time it was designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold because the valve attaching the subject heater to the propane tank were either under-designed or contained metal defects that rendered them unsafe for the normal and expected use of such a product.

42.

The defendant was negligent, grossly negligent, reckless, and acted in willful and wanton disregard of and in breach of its duties owed to the plaintiffs in one or more of the following particulars, to wit:

(a) Designing and manufacturing the subject heater in such way that it was unfit and unsafe for its intended use;

(b) In placing into the stream of commerce the subject heater when the Defendants knew, or should have known, it was unreasonably dangerous and unsafe for its intended use;

(c) In placing into the stream of commerce a product, namely the subject heater,

that was defective in design in that it lacks an adequate guard and/or other safety component sufficient to ensure that individuals coming in close proximity of the heater would not be subjected to combustion of excessive propane built up prior to and upon the ignition of the subject heater;

(d) In failing to implement safer, technologically feasible, and economically practical design alternatives, component parts, or processes for the subject heater;

(e) In placing into the stream of commerce a product, namely the subject heater, that was defective in that it failed to contain adequate warnings and instructions;

(f) In failing to adequately instruct and/or warn users of the risks involving the subject heater;

(g) In failing to exercise that degree of due care which is reasonably prudent designer, manufacturer, distributor, and seller would have exercised under the same or similar circumstances; and

(h) In being otherwise negligent, grossly negligent, reckless, willful, and wanton as will be revealed through discovery.

All of which combined as a direct and proximate cause of the injuries and damages sustained by the plaintiffs herein, said acts and/ or omissions being in violation of the statutory and common law of the State of Mississippi and the dictates of ordinary prudence.

43.

The aforesaid negligent, grossly negligent, willful, wanton, reckless, and unlawful acts and/or omissions of the defendant was the direct and sole proximate cause of the plaintiff's injuries and damages which include, but are not limited to, past, present, and future medical expenses, loss

of wages, economic loss, pain and suffering by plaintiff scarring and disfigurement of plaintiff, mental anguish, emotional distress and loss of enjoyment of life.

## **COUNT IV – BREACH OF EXPRESS WARRANTY**

44.

Plaintiffs re-allege and incorporate into this count each and every preceding allegation as if fully pled herein.

45.

Defendant, by and through the sale of its portable heaters, including the subject heater, expressly warranted to the consumer and/or foreseeable users, such as plaintiff, that the heater was fit for its ordinary and foreseeable purposes.

46.

Plaintiff carefully and thoroughly read instructions and made ordinary use of the subject heater in reliance on said warranties. The product failed to conform to factual representations and as such, defendant breached its express warranty upon which Mr. Gregory justifiably relied in electing to use the subject heater.

47.

Contrary to said warranty, the subject heater was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

48.

As direct and proximate result of defendant breaching said express warranty, plaintiff suffered severe burn injuries and plaintiff incurred the damages set forth herein, for which the defendant is liable.

## INJURIES AND COMPENSATORY DAMAGES

49.

Plaintiffs re-allege and adopt each of the allegations set forth above as if fully set forth herein.

50.

As proximate result of the incident described herein and the conduct of defendant, Michael Gregory suffered severe and permanent injuries, including but not limited to, the following:

(a) Permanent scarring to his face, hands, and head;

(b) Decreased vision in his left eye; and

(c) Increased sensitivity in his left eye.

As proximate and legal result of the Incident and the conduct of defendant as described above, Mr. Gregory also suffered severe emotional trauma and mental anguish, and pain and suffering.

51.

Plaintiff, Fran Gregory, as the spouse of Michael Gregory, is accordingly entitled to recover compensatory damages from all defendants, *in solido*, as may be reasonable in the premises, in accordance with the law and the evidence, for consortium damages, past and future loss of conjugal relations, past and future loss of love and affection, past and future grief, mental anguish and distress, past and future loss of services, past and future loss of society, and past and future loss of support.

## PRAYER FOR RELIEF

52.

Plaintiffs pray for the following relief:

(a) That plaintiffs recover all legally compensable damages that were

inflicted by defendant, Pinnacle, which they suffered in the past and will continue to suffer in the future, including but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, loss of companionship and society, medical expenses, property damage, and any additional damages;

(b) That damages be awarded against defendant, Pinnacle, in an amount sufficient for the harm caused by its dangerous and defective product;

(c) That plaintiffs recover pre-judgment and post-judgment interest as allowed by applicable law;

(d) That plaintiffs recover their costs of suit and the property damage of their shed;

(e) That defendant, Pinnacle, pay plaintiffs' attorney fees;

(f) That plaintiffs have trial by jury; and,

(g) For such other and further relief as the Court deems just and proper.

**WHEREFORE**, plaintiffs, Michael and Fran Gregory, pray that defendant, Pinnacle Climate Technologies, Inc. d/b/a Master Industrial Products, be served with a copy of this Complaint after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be trial by jury, individual judgment rendered herein in favor of plaintiffs, Michael and Fran Gregory, and against the defendant, Pinnacle Climate Technologies, Inc. d/b/a Master Industrial Products, as alleged, together with legal interest and for all costs of these proceedings including expert witness fees to be taxed as costs of court, and for all legal and equitable relief this Honorable Court shall deem appropriate.

**RESPECTFULLY SUBMITTED,** this 18th day of September, 2023.

**SAUNDERS & CHABERT**

***/s/ Scotty E. Chabert, Jr.***
SCOTTY E. CHABERT, JR. MS Bar No. 102445
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101
schabert@saunderschabert.com