# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

**MICHAEL GREGORY & FRAN GREGORY**                    **PLANTIFFS**

**VS.**                    **CIVIL ACTION NO. 1:23-cv-239-HSO-BWR**

**PINNACLE CLIMATE TECHNOLOGIES, INC.**
**d/b/a MASTER INDUSTRIAL PRODUCTS,**                    **DEFENDANTS**
**CAVAGNA NORTH AMERICA, INC., AMERIGAS**
**PROPANE, L.P., TRACTOR SUPPLY CO., and**
**WORTHINGTON ENTERPRISES, INC.**

---

## FOURTH AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes petitioners, **MICHAEL GREGORY AND FRAN GREGORY**, who file this Fourth Amended Complaint to assert and aver as follows:

I.

Petitioners desire to amend the opening paragraph of the original and amended Complaints to read as follows:

"1.

The following parties are made defendants herein:

Made defendant, **PINNACLE CLIMATE TECHNOLOGIES, INC.** (hereinafter "Pinnacle"), **D/B/A MASTER INDUSTRIAL PRODUCTS** (hereinafter "Master"), is a Delaware Corporation with its principal place of business in the State of Minnesota and engaged in business in the state of Mississippi, who may be served with process through its agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

2.

Made defendant herein is **CAVAGNA NORTH AMERICA, INC.** (hereinafter

"Cavagna"), upon information and belief, incorporated in the State of New Jersey with its principal place of business in the State of New Jersey and engaged in business in the State of Mississippi, who may be served with process through its agent, United Corporate Services, Inc., 248 East Capitol Street, Suite 840, Jackson, Mississippi 39201.

3.

Made defendant herein is **AMERIGAS PROPANE, L.P.** (hereinafter "AmeriGas"), upon information and belief, has two limited partners, including AmeriGas Propane GP, LLC which is a Delaware corporation with its principal place of business in the State of Pennsylvania, and AmeriGas Partners, L.P., which is a Delaware limited partnership with its principal place of business in Pennsylvania. AmeriGas Partners, L.P. has two limited partners, including AmeriGas Propane Holdings, Inc., which is a Delaware corporation with its principal place of business in the State of Pennsylvania, and AmeriGas Propane, Inc. which is a Pennsylvania corporation with its principal place of business in the State of Pennsylvania. Defendant, AmeriGas, may be served with process through its agent, The Prentice-Hall Corporation System, Inc., 109 Executive Drive, Suite 3, Madison, MS 39110.

4.

Made defendant herein is **TRACTOR SUPPLY CO.** (hereinafter "Tractor Supply"), upon information and belief, is a Delaware corporation with its principal place of business in the State of Tennessee.  Defendant, Tractor Supply Co., may be served with process through its agent, The Corporation Service Company (CSC), 251 Little Falls Drive, Wilmington, DE 19808.

5.

Made defendant herein is **WORTHINGTON ENTERPRISES, INC.** (hereinafter "Worthington"), upon information and belief, is an Ohio corporation with its principal place of

business in the State of Ohio.  Defendant, Worthington, may be served with process through its

agent, Patrick J. Kennedy, 200 Old Wilson Bridge Road, Columbus, OH 43085."

6.

This Court maintains jurisdiction and venue over this action for the reasons set forth in

plaintiffs' original Complaint, First Amended Complaint, and Second Amended Complaint

pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

7.

The products involved in this action are the Master Low-Profile 18,000 BTU Portable

Cabinet Propane Heater Model No. MH-18-PNCH-A (hereinafter "subject heater") manufactured

by **PINNACLE CLIMATE TECHNOLOGIES, INC.**, a pressure regulator/overfill protection

device valve (commonly called the OPD valve) manufactured by **CAVAGNA NORTH**

**AMERICA, INC.**, and a propane cylinder system manufactured by **WORTHINGTON**

**ENTERPRISES, INC.** and labelled as one manufactured by **AMERIGAS PROPANE, L.P.**

After it was recommended by a friend and an employee of Tractor Supply Co., Plaintiffs purchased

the subject heater on January 2, 2022 and refilled the propane cylinder with attached OPD valve

in question at **TRACTOR SUPPLY CO.** on January 3, 2022, in Wiggins, Stone County,

Mississippi.

8.

On January 3, 2022, **MICHAEL GREGORY** was operating the subject heater while

working in his outdoor shed, which is not connected or attached to his home in Lumberton,

Mississippi.

9.

On January 3, 2022, while outside in his shed, **MICHAEL GREGORY** attached an

AmeriGas labelled propane tank and Cavagna valve to the subject heater. After attempting to bleed the line as instructed, plaintiff stepped away from the subject heater, grabbed a soda, and approached the heater and cylinder.  As **MICHAEL GREGORY** approached the subject heater it burst into flames and exploded in his face. The failure was sudden, catastrophic, and came without any warning that reasonable user of the subject heater, valve, and tank could have detected.

10.

The spud on the Pinnacle heater hose failed to prevent the leaking of propane gas from the Cavagna valve assembled to the AmeriGas labelled and Worthington manufactured cylinder.  The Cavagna valve failed to prevent the leaking of propane due to an incomplete connection with the Pinnacle spud.

11.

As the subject heater hose spud and valve exploded, the fire burned portions of Mr. Gregory's head, face, hands, and eye region. The explosion caused substantial, permanent, and irreversible mental and physical injuries.

12.

Mr. Gregory sought medical care in order to address his injuries and continues to suffer from injuries to his eyes; scarring to his face, hands, and head; as well as, mental injuries and damages.

13.

As a result of his injuries, Michael Gregory has incurred hospital expenses, mental health treatment, and additional medical expenses will be incurred.

14.

As a result of his injuries, Michael Gregory has lost wages as a musician and will lose

additional wages in the future, and he has suffered a loss of income earning capacity as a result of the accident.

15.

Due to the severity of the injuries, Michael Gregory has and will continue to suffer a reduced quality of life and loss of enjoyment of life as a result of his injuries.

16.

Due to the severity of his injuries, Mrs. Fran Gregory has suffered damages in the form of consortium.

## CLAIMS UNDER MISSISSIPPI PRODUCTS LIABILITY ACT
## COUNT I – DEFECTIVELY DESIGNED PRODUCT

17.

Plaintiffs re-allege and adopt each of the allegations set forth above as if fully set forth herein.

18.

The subject heater designed, manufactured, assembled, marketed, distributed, and sold by defendant, Pinnacle, was defective and/or unreasonably dangerous when manufactured and sold.

19.

The subject valve designed, manufactured, assembled, marketed, distributed, and sold by defendant, Cavagna, was defective and/or unreasonably dangerous when manufactured and sold.

20.

The subject propane tank designed, manufactured, assembled, marketed, distributed, and sold by defendant, Worthington, and labelled by AmeriGas, was defective and/or unreasonably dangerous when manufactured and sold.

21.

The subject heater designed, manufactured, assembled, marketed, distributed, and sold by

Pinnacle was the producing cause of plaintiff's injuries and damages.

22.

The subject valve designed, manufactured, assembled, marketed, distributed, and sold by Cavagna was the producing cause of plaintiff's injuries and damages.

23.

The subject propane tank designed, manufactured, assembled, marketed, distributed, and sold by Worthington and labelled by AmeriGas was the producing cause of plaintiff's injuries and damages.

24.

Defendant, Pinnacle, is engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling portable heaters, including the subject heater, to consumers by placing said product in the stream of commerce.

25.

Defendant, Cavagna, is engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling the subject valve, to consumers by placing said product in the stream of commerce.

26.

Defendants, Worthington and AmeriGas, are engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling the subject propane cylinder, to consumers by placing said product in the stream of commerce.

27.

Defendant, Pinnacle, expected the subject heater, introduced and passed on in the course of trade, to ultimately reach residential consumers and/or users without substantial change in the

condition in which it was originally sold.

28.

Defendant, Cavagna, expected the subject valve, introduced and passed on in the course of trade, to ultimately reach residential consumers and/or users without substantial change in the condition in which it was originally sold.

29.

Defendants, Worthington and AmeriGas, expected the subject propane cylinder, introduced and passed on in the course of trade, to ultimately reach residential consumers and/or users without substantial change in the condition in which it was originally sold.

30.

The subject heater, valve, and cylinder were without any change in the condition from which it was originally manufactured and sold by defendant and unexpectedly caused severe burn injuries to plaintiff under ordinary, foreseeable and intended use.

31.

At the time the subject heater, valve, and cylinder left defendants' control, and at all times complained of, safer alternative designs were available that would have eliminated the risk of the subject heater, valve, and cylinder leaking propane, exploding, and causing the burns at issue without substantially impairing the usefulness and intended purpose of the product.

32.

The subject heater, valve, and cylinder was unreasonably dangerous and defective in that, when assembled the design and construction failed to contain propane gas as intended causing the propane leak that resulted in the explosion; said design fails to ensure that individuals coming in close proximity of the heater would not be subjected to excessive explosive propane built up prior

to the ignition of the subject heater.

33.

The defective and unreasonably dangerous design of the subject heater, valve, and cylinder was the direct and sole proximate cause of the Plaintiff's injuries and damages which include, but are not limited to, past, present, and future medical expenses, economic loss, pain and suffering, permanent disability, scarring and disfigurement, mental anguish, emotional distress, and loss of enjoyment of life.

34.

Based on the foregoing, pursuant to Mississippi Products Liability Act, defendants, Pinnacle, Cavagna, Worthington and AmeriGas, are liable for the injuries and damages sustained by the plaintiffs.

## COUNT II – FAILURE TO CONTAIN ADEQUATE WARNINGS

35.

Defendant, Pinnacle, had duty to warn the owners and users of the subject heater, including the plaintiff, of any dangerous condition or defect that it knew or reasonably should have known about including, but not limited to, the propensity for the Master Low-Profile 18,000 BTU Portable Cabinet Propane Heater Model No. MH-18-PNCH-A and other similar model heaters to explode and burn whoever is in front of it or in its vicinity.

36.

Defendants, Cavagna, Worthington and AmeriGas, had duty to warn the owners and users of the subject valve and propane cylinder, including the plaintiff, of any dangerous condition or defect that it knew or reasonably should have known about including, but not limited to, the propensity for the valve and tank construction when used in connection to a Master Low-Profile 18,000 BTU Portable Cabinet Propane Heater Model No. MH-18-PNCH-A and other similar

model heaters to explode and burn whoever is in front of it or in its vicinity.

37.

Defendants owed duty of care to the owners, purchasers, and users of the subject heater, valve, and cylinder, including the plaintiffs, and the consuming public in general, to ensure that the heater, valve, and propane cylinder designed, manufactured, and/or sold are safe and free from defects.

38.

Defendant, Pinnacle, specifically marketed the subject heater as both durable and safe for its intended uses. Heaters should be designed to withstand many years—even decades—of continuous or semi-continuous use without exploding and catastrophically failing. In fact, a non-defective heater should be designed in such a way that the heater survives the reasonably expected life of the product. The subject heater failed on its first use with this valve and tank.

39.

Based upon the foregoing, defendant, Pinnacle, was negligent, and its conduct was the factual cause of the injuries, harm, damages, and losses of plaintiff in that Pinnacle:

(a)    Designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold (whether in whole or in part) the subject heater, which contains a safety defect;

(b)    Failed to carefully, properly, or adequately test the subject heater or the Master Low-Profile 18,000 BTU Portable Cabinet Propane Heater Model No. MH-18-PNCH-A model line to ensure that it was reasonably safe for its intended and foreseeable uses;

(c)    Failed to implement quality control/assurance processes that were sufficient

to identify that the subject heater contained a safety defect;

(d)    Negligently and falsely represented and marketed the subject heater as being safe and durable for its intended use over the long term;

(e)    Failed to package and ship its product in a safe manner to prevent damage to subject heater; and,

(f)    Failed to warn its customers, users of subject heater (including Mr. Gregory), and the consuming public in general about the propensity of its Master Low-Profile 18,000 BTU Portable Cabinet Propane Heater Model No. MH-18-PNCH-A to explode and catastrophically fail, especially when used in connection to a Cavagna valve and Worthington and AmeriGas cylinder.

40.

Defendant, Cavagna, specifically marketed the subject valve as both durable and safe for its intended uses. Defendant was negligent, and its conduct was the factual cause of the injuries, harm, damages, and losses of plaintiff in that Cavagna:

(a)    Designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold (whether in whole or in part) the subject valve, which contains a safety defect;

(b)    Failed to carefully, properly, or adequately test the subject valve to ensure that it was reasonably safe for its intended and foreseeable uses;

(c)    Failed to implement quality control/assurance processes that were sufficient to identify that the subject valve contained a safety defect;

(d)    Negligently and falsely represented and marketed the subject valve as being

safe and durable for its intended use over the long term; and,

(e)    Failed to warn its customers, users of subject valve (including Mr. Gregory), and the consuming public in general about the propensity to catastrophically fail.

41.

Defendant, Worthington, specifically marketed the subject propane cylinder as both durable and safe for its intended uses. Defendant, Worthington, was negligent, and its conduct was the factual cause of the injuries, harm, damages, and losses of plaintiff in that Worthington:

(a)    Designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold (whether in whole or in part) the subject propane cylinder, which contains a safety defect;

(b)    Failed to carefully, properly, or adequately test the subject propane cylinder to ensure that it was reasonably safe for its intended and foreseeable uses;

(c)    Failed to implement quality control/assurance processes that were sufficient to identify that the subject propane cylinder contained a safety defect;

(d)    Negligently and falsely represented and marketed the subject propane cylinder as being safe and durable for its intended use; and,

(e)    Failed to warn its customers, users of subject propane cylinder (including Mr. Gregory), and the consuming public in general about the propensity of it to catastrophically fail.

42.

Or in the alternative, Defendant, AmeriGas, specifically marketed the subject propane cylinder as both durable and safe for its intended uses. Defendant AmeriGas was negligent, and its

conduct was the factual cause of the injuries, harm, damages, and losses of plaintiff in that AmeriGas:

(f)    Designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold (whether in whole or in part) the subject propane cylinder, which contains a safety defect;

(g)    Failed to carefully, properly, or adequately test the subject propane cylinder to ensure that it was reasonably safe for its intended and foreseeable uses;

(h)    Failed to implement quality control/assurance processes that were sufficient to identify that the subject propane cylinder contained a safety defect;

(i)    Negligently and falsely represented and marketed the subject propane tank as being safe and durable for its intended use; and,

(j)    Failed to warn its customers, users of subject propane cylinder (including Mr. Gregory), and the consuming public in general about the propensity of it to catastrophically fail.

43.

The tortious conduct of defendants Pinnacle, Cavagna, Worthington and AmeriGas, was not only negligent, but it exhibited willful, reckless, and/or wanton disregard for life and property because defendants knew that there was considerable risk of severe injury in the event that its heaters, valves, and/or propane tanks failed in the manner in which the subject heater, valve, and/or propane tank did here. Because of this, defendants were required to take special care and precautions by ensuring that its heaters and propane tanks were safe for their intended uses, over a long period of time. Moreover, defendants had an affirmative duty to warn the plaintiffs and its other customers about potential failures in their heaters, valves, and/or propane cylinder s that

could result in serious injury. Defendants failed to do any of these things and breached its duties to the plaintiff and its other customers in these and other respects. For this and other reasons, defendants are liable to the plaintiffs for all damages allowable by law, including punitive damages.

## COUNT III – PRODUCT DESIGNED IN DEFECTIVE MANNER RENDERED THE PRODUCTS UNREASONABLY DANGEROUS

44.

Plaintiffs re-allege and adopt each of the allegations set forth above as if fully set forth herein.

45.

The defendants, Pinnacle, Cavagna, Worthington and AmeriGas, owed consumers and/or foreseeable users, including the plaintiff, a duty of reasonable care in the design, manufacture, assembly, marketing, distribution, and sale of the subject heater, valve, and propane cylinder.

46.

The subject heater, manufactured by Pinnacle, was both unreasonably dangerous and defective at the time it was designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold because the valve attaching the subject heater to the propane cylinder was either under-designed or contained material defects that rendered the assembly (of the heater/valve/tank) unsafe for the normal and expected use of such a product.

47.

Defendant, Pinnacle, was negligent, grossly negligent, reckless, and acted in willful and wanton disregard of and in breach of its duties owed to the plaintiffs in one or more of the following particulars, to wit:

(a)    Designing and manufacturing the subject heater in such way that it was unfit

and unsafe for its intended use;

(b)    In placing into the stream of commerce the subject heater when the Defendant knew, or should have known, it was unreasonably dangerous and unsafe for its intended use;

(c)    In placing into the stream of commerce a product, namely the subject heater, that was defective in design in that it lacks an adequate guard and/or other safety component sufficient to ensure that individuals coming in close proximity of the heater would not be subjected to combustion of excessive propane built up prior to and upon the ignition of the subject heater;

(d)    In failing to implement safer, technologically feasible, and economically practical design alternatives, component parts, or processes for the subject heater;

(e)    In placing into the stream of commerce a product, namely the subject heater, that was defective in that it failed to contain adequate warnings and instructions;

(f)    In failing to adequately instruct and/or warn users of the risks involving the subject heater;

(g)    In failing to exercise that degree of due care which is reasonably prudent designer, manufacturer, distributor, and seller would have exercised under the same or similar circumstances; and,

(h)    In being otherwise negligent, grossly negligent, reckless, willful, and wanton as will be revealed through discovery.

All of which combined as a direct and proximate cause of the injuries and damages

sustained by the plaintiffs herein, said acts and/ or omissions being in violation of the statutory and common law of the State of Mississippi and the dictates of ordinary prudence.

48.

The subject valve, manufactured by Cavagna, was both unreasonably dangerous and defective at the time it was designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold because the valve attaching the subject heater to the propane tank was either under-designed or contained material defects that rendered the assembly unsafe for the normal and expected use of such a product.

49.

Defendant, Cavagna, was negligent, grossly negligent, reckless, and acted in willful and wanton disregard of and in breach of its duties owed to the plaintiffs in one or more of the following particulars, to wit:

(a) Designing and manufacturing the subject valve in such way that it was unfit and unsafe for its intended use;

(b) In placing into the stream of commerce the subject valve when the Defendant knew, or should have known, it was unreasonably dangerous and unsafe for its intended use;

(c) In placing into the stream of commerce a product, namely the subject valve, that was defective in design in that it lacks an adequate guard and/or other safety component sufficient to ensure that individuals coming in close proximity of the valve would not be subjected to combustion of excessive propane built up prior to and upon the ignition of the subject heater;

(d) In failing to implement safer, technologically feasible, and economically

practical design alternatives, component parts, or processes for the subject
heater;

(e)    In placing into the stream of commerce a product, namely the subject valve,
that was defective in that it failed to contain adequate warnings and
instructions;

(f)    In failing to adequately instruct and/or warn users of the risks involving the
subject valve;

(g)    In failing to exercise that degree of due care which is reasonably prudent
designer, manufacturer, distributor, and seller would have exercised under
the same or similar circumstances; and

(h)    In being otherwise negligent, grossly negligent, reckless, willful, and
wanton as will be revealed through discovery.

All of which combined as a direct and proximate cause of the injuries and damages
sustained by the plaintiffs herein, said acts and/ or omissions being in violation of the statutory and
common law of the State of Mississippi and the dictates of ordinary prudence.

50.

The subject propane cylinder, manufactured by Worthington and labelled by AmeriGas,
was both unreasonably dangerous and defective at the time it was designed, fabricated, assembled,
manufactured, tested, inspected, marketed, and sold because the valve attaching the subject heater
to the propane cylinder was either under-designed or contained material defects that rendered the
assembly unsafe for the normal and expected use of such a product.

51.

Defendant, Worthington, was negligent, grossly negligent, reckless, and acted in willful

and wanton disregard of and in breach of its duties owed to the plaintiffs in one or more of the following particulars, to wit:

(a)    Designing and manufacturing the subject propane cylinder in such a way that it was unfit and unsafe for its intended use;

(b)    In placing into the stream of commerce the subject propane cylinder when the Defendant knew, or should have known, it was unreasonably dangerous and unsafe for its intended use;

(c)    In placing into the stream of commerce a product, namely the subject propane cylinder, that was defective in design in that it lacks an adequate guard and/or other safety component sufficient to ensure that individuals coming in close proximity of the propane tank would not be subjected to combustion of excessive propane built up prior to and upon the ignition of the subject heater;

(d)    In failing to implement safer, technologically feasible, and economically practical design alternatives, component parts, or processes for the subject heater;

(e)    In placing into the stream of commerce a product, namely the subject propane tank, that was defective in that it failed to contain adequate warnings and instructions;

(f)    In failing to adequately instruct and/or warn users of the risks involving the subject propane cylinder;

(g)    In failing to exercise that degree of due care which is reasonably prudent designer, manufacturer, distributor, and seller would have exercised under

the same or similar circumstances; and,

(h)     In being otherwise negligent, grossly negligent, reckless, willful, and wanton as will be revealed through discovery.

All of which combined as a direct and proximate cause of the injuries and damages sustained by the plaintiffs herein, said acts and/ or omissions being in violation of the statutory and common law of the State of Mississippi and the dictates of ordinary prudence.

52.

Or in the alternative, Defendants, AmeriGas, was negligent, grossly negligent, reckless, and acted in willful and wanton disregard of and in breach of its duties owed to the plaintiffs in one or more of the following particulars, to wit:

(i)     Designing and manufacturing the subject propane cylinder in such a way that it was unfit and unsafe for its intended use;

(j)     In placing into the stream of commerce the subject propane cylinder when the Defendant knew, or should have known, it was unreasonably dangerous and unsafe for its intended use;

(k)     In placing into the stream of commerce a product, namely the subject propane cylinder, that was defective in design in that it lacks an adequate guard and/or other safety component sufficient to ensure that individuals coming in close proximity of the propane tank would not be subjected to combustion of excessive propane built up prior to and upon the ignition of the subject heater;

(l)     In failing to implement safer, technologically feasible, and economically practical design alternatives, component parts, or processes for the subject

heater;

(m)     In placing into the stream of commerce a product, namely the subject propane tank, that was defective in that it failed to contain adequate warnings and instructions;

(n)     In failing to adequately instruct and/or warn users of the risks involving the subject propane cylinder;

(o)     In failing to exercise that degree of due care which is reasonably prudent designer, manufacturer, distributor, and seller would have exercised under the same or similar circumstances; and,

(p)     In being otherwise negligent, grossly negligent, reckless, willful, and wanton as will be revealed through discovery.

All of which combined as a direct and proximate cause of the injuries and damages sustained by the plaintiffs herein, said acts and/ or omissions being in violation of the statutory and common law of the State of Mississippi and the dictates of ordinary prudence.

53.

The aforesaid negligent, grossly negligent, willful, wanton, reckless, and unlawful acts and/or omissions of the defendants, Pinnacle, Cavagna, Worthington and AmeriGas, were the direct and sole proximate cause of the plaintiff's injuries and damages which include, but are not limited to, past, present, and future medical expenses, loss of wages, economic loss, pain and suffering by plaintiff scarring and disfigurement of plaintiff, mental anguish, emotional distress and loss of enjoyment of life.

## COUNT IV – BREACH OF EXPRESS WARRANTY

54.

Plaintiffs re-allege and incorporate into this count each and every preceding allegation as if fully pled herein.

55.

Defendant, Pinnacle, by and through the sale of its portable heaters, including the subject heater, expressly warranted to the consumer and/or foreseeable users, such as plaintiff, that the heater was fit for its ordinary and foreseeable purposes.

56.

Plaintiff carefully and thoroughly read instructions and made ordinary use of the subject heater in reliance on said warranties. The product failed to conform to factual representations and as such, defendant breached its express warranty upon which Mr. Gregory justifiably relied in electing to use the subject heater.

57.

Contrary to said warranty, the subject heater was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

58.

Defendant, Cavagna, by and through the sale of its high-pressure valves, including the subject valve, failed to provide express warranty to the consumer and/or foreseeable users, such as plaintiff, that the valve was fit for its ordinary and foreseeable purposes and thereby justifying the use of the subject valve.

59.

The subject valve was defective and unfit for its ordinary and foreseeable purposes,

rendering it unreasonably dangerous.

60.

Defendants, Worthington and AmeriGas, by and through the sale of its propane tanks, including the subject propane tank, failed to provide express warranty to the consumer and/or foreseeable users, such as plaintiff, that the propane tank was fit for its ordinary and foreseeable purposes and thereby justifying the use of the subject propane tank.

61.

The subject propane cylinder was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

62.

As direct and proximate result of defendants, Pinnacle, Cavagna, Worthington and AmeriGas, breaching said express warranty, plaintiff suffered severe burn injuries and plaintiff incurred the damages set forth herein, for which the defendants are liable.

**NEGLIGENCE**

III.

The plaintiffs re-allege and adopt each of the allegations set forth in the Original and Amended Complaints and further allege claims against **TRACTOR SUPPLY CO.** for its negligence in recommending and selling the defective Master's heater, the improper filling of the Worthington/AmeriGas cylinder herein, or damaging the Cavagna valve in question.

63.

Upon information and belief, **TRACTOR SUPPLY CO.** is a retail chain that sold the subject propane heater to plaintiffs, and this defendant also engages in the business of refilling propane cylinders. Tractor Supply is responsible for selling the defective Masters Heater and

improperly refilling the propane cylinder causing the explosion and injuries to the plaintiff. Additionally, **TRACTOR SUPPLY CO.** was negligent in recommending and advising the plaintiffs as to the proper use of the Masters Cabinet Heater in question. As a party having control and garde over the subject propane cylinder before plaintiffs, **TRACTOR SUPPLY CO.** was negligent in failing to properly refill the subject cylinder or damaging the cylinder valve or other component parts in the process of refilling.

## **INJURIES AND COMPENSATORY DAMAGES**

64.

Plaintiffs re-allege and adopt each of the allegations set forth above as if fully set forth herein.

65.

As proximate result of the incident described herein and the conduct of defendant, Michael Gregory suffered severe and permanent injuries, including but not limited to, the following:

(a) Permanent scarring to his face, hands, and head;

(b) Decreased vision in his left eye;

(c) Increased sensitivity in his left eye;

(d) Lost wages and loss of earning capacity;

(e) Past, present, and future physical and mental pain and suffering.

As a proximate and legal result of the Incident and the conduct of defendant as described above, Mr. Gregory also suffered severe emotional trauma and mental anguish, and pain and suffering.

66.

Plaintiff, Fran Gregory, as the spouse of Michael Gregory, is accordingly entitled to recover compensatory damages from all defendants, *in solido*, as may be reasonable in the

premises, in accordance with the law and the evidence, for consortium damages, past and future loss of conjugal relations, past and future loss of love and affection, past and future grief, mental anguish and distress, past and future loss of services, past and future loss of society, and past and future loss of support.

**WHEREFORE**, petitioners pray that after due proceedings are had, there be judgment in favor of petitioners, **MICHAEL GREGORY and FRAN GREGORY** and against defendants, **PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, CAVAGNA NORTH AMERICA, INC., AMERIGAS PROPANE, L.P., TRACTOR SUPPLY CO., AND WORTHINGTON ENTERPRISES, INC.** *in solido*, for all compensatory damages supported by the law and the evidence, granting petitioners legal interest on all sums awarded from date of judicial demand until paid, and casting defendants, *in solido*, with all costs of these proceedings, including legal interest thereon.

Respectfully submitted:

**SAUNDERS & CHABERT**


***/s/ Scotty E. Chabert, Jr.***
SCOTTY E. CHABERT, JR. MS Bar No. 102445
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101
schabert@saunderschabert.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2025, a copy of the above and foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

***/s/ Scotty E. Chabert, Jr.***
SCOTTY E. CHABERT, JR.
