IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL GREGORY AND FRAN GREGORY**             **PLAINTIFFS**

**VERSUS**             **CIVIL NO. 1:23-cv-239-TBM-BWR**

**PINNACLE CLIMATE TECHNOLOGIES, INC.
d/b/a MASTER INDUSTRIAL PRODUCTS,
CAVAGNA NORTH AMERICA, INC., AMERIGAS
PROPANE, L.P., TRACTOR SUPPLY, CO., and
WORTHINGTON ENTERPRISES, INC.**             **DEFENDANTS**

**ANSWER & DEFENSES OF DEFENDANT, PINNACLE CLIMATE
TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS TO
THE PLAINTIFFS' FOURTH AMENDED COMPLAINT**

COME NOW the Defendant, Pinnacle Climate Technologies, Inc. d/b/a Master Industrial Products, by and through its counsel of record, Copeland, Cook, Taylor & Bush, P.A., and, pursuant to the provisions of the Federal Rules of Civil Procedure, files this, its Answer and Defenses to the Plaintiffs' Fourth Amended Complaint, as follows:

**FIRST DEFENSE**

The Fourth Amended Complaint fails to state a claim upon which relief may be granted as against this answering Defendant and must be dismissed pursuant to the provisions of Rule 12, Federal Rules of Civil Procedure.

**SECOND DEFENSE**

This Defendant specifically reserves and invokes all other rights and defenses available to it, including, but not limited to, those set forth in Rules 8(c) and 12(b) of the Federal Rules of

**ANSWER TO FOURTH AMENDED COMPLAINT**

Civil Procedure, or Mississippi Code Annotated, and/or at common law for which a good faith and/or factual basis exists in its favor.

### THIRD DEFENSE

This answering Defendant would assert any and all statutes of limitation, limitation of actions, defenses in abatement, estoppel, laches and statutes of repose, in full avoidance of any and all claims or causes of action as against this answering Defendant.

### FOURTH DEFENSE

This answering Defendant would affirmatively plead the defenses incorporated into the Miss. Products Liability statute, Miss. Code Ann. §11-1-63, (and by construing case law), including, but not limited to: (A) the product was not defective, (B) the product was not defective even though it incorporated technology and equipment which would make it dangerous if mis-used, (C) the Plaintiff misused the product and this misuse was not forseeable, (D) the product was dependent upon customer orientation and familiarity (i.e., instructions, warnings, distributor orientation, and a basic understanding of dangerous collateral agents, etc.) which the Plaintiff failed to understand, appreciate and/or deploy and/or apply in his use of the product, (E) the product contained adequate and reasonable warnings which were ignored by the Plaintiff, (F) the product itself was not unreasonably dangerous, (F) if the product was dangerous, it was only made so as a consequence of misuse and changes by the buyer in failing to properly incorporate other necessary items or equipment, (G) the product was inherently dangerous and was dependent upon customer orientation and proper use notwithstanding that the product when not handled properly can become inherently dangerous, (H) the Plaintiff failed to handle, operate, connect, assemble, or otherwise install the product reasonably or prudently, (I) the Plaintiff

Page 2 of 19
**ANSWER TO FOURTH AMENDED COMPLAINT**

possessed full knowledge of the application and capabilities of the product, whether inherently dangerous or not, and he voluntarily exposed himself to the danger resulting in injury, (J) the Plaintiff assumed the risk of injury by his misuse of the product, (K) the inherent danger of the product was open and obvious to anyone exercising ordinary care, (L) the product itself did not fail to function as expected and anticipated, but another product resulted in the failure of this Defendant's equipment which resulted in injury to the Plaintiff, none of which could be foreseeable and anticipated, (M) this Defendant cannot be responsible to the Plaintiff due to the Mississippi "closed package" doctrine, (N) the Plaintiff altered the product resulting in his injury, and (O) any other common law defense may be reserved as provided for by the statute.

## FIFTH DEFENSE

This answering Defendant affirmatively pleads the provisions of the Mississippi Uniform Commercial Code, particularly those sections that apply to the sales of "products" to wit: 75-2-313 *et seq*.

## SIXTH DEFENSE AND ANSWER TO THE FOURTH AMENDED COMPLAINT

And now, answering the Fourth Amended Complaint, paragraph by paragraph, and subject to any and all defenses asserted by this Defendant, affirmative and otherwise, this answering Defendant would show the following in response to the specific allegations of the Fourth Amended Complaint, to-wit:

### Parties, Jurisdiction, and Venue

I. No allegations are contained within the opening sentence labeled as Paragraph "I", however this Defendant acknowledges the expressed intent to "amend the opening paragraph of the original" complaint to include additional allegations.

**ANSWER TO FOURTH AMENDED COMPLAINT**

1.      In response to the allegations contained in Paragraph 1 of the Fourth Amended Complaint, this answering Defendant admits its identity, its State of incorporation, its principal place of business, and the identity of its registered agent.  This answering Defendant DENIES that it is "engaged in business" in Mississippi, but does acknowledge that it distributes and sells products to retailers in Mississippi.  Any remaining allegations contained in Paragraph 1 of the Fourth Amended Complaint are DENIED.

2.      This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 2 of the Fourth Amended Complaint and therefore denies said allegations.

3.      This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 3 of the Fourth Amended Complaint and therefore denies said allegations.

4.      This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 4 of the Fourth Amended Complaint and therefore denies said allegations.

5.      This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 5 of the Fourth Amended Complaint and therefore denies said allegations.

6.      This answering Defendant adopts and incorporates its Answers to Paragraphs 7 through 10 of the "Jurisdiction and Venue" section in the original Complaint as well as its Answer to Paragraph 5 of the First Supplemental and Amended Complaint, its Answer to Paragraph 3 of the Second Supplemental and Amended Complaint, and its Answer to Paragraph

**ANSWER TO FOURTH AMENDED COMPLAINT**

5 of the Third Amended Complaint, all as though fully copied herein. In particular, this Defendant admits that facts pleaded suggest that venue and jurisdiction of this matter is proper in this Court, but this Defendant denies it is liable or responsible for any injuries or damages of the Plaintiffs.

## FACTUAL ALLEGATIONS

7. The Defendant ADMITS the identity of the subject heater. This Defendant DENIES that it manufactured the subject heater. This answering Defendant does not possess information sufficient to respond to the remaining allegations contained in Paragraph 7 of the Fourth Amended Complaint and therefore denies said remaining allegations.

8. The Defendant ADMITS the allegations of Paragraph 8 based upon information and belief, but affirmatively asserts that the Plaintiff, Michael Gregory was misusing the "subject heater" at the time of the fire.

9. The Defendant DENIES the allegations of Paragraph 9.

10. The Defendant DENIES the allegations of Paragraph 10.

11. The Defendant DENIES the allegations of Paragraph 11, but admits that the Plaintiff, Michael Gregory, sustained certain physical injuries as a result of burns on January 3, 2022; however, any injuries claimed are due to his own negligence and failure to exercise reasonable and ordinary care.

12. The Defendant DENIES the allegations of Paragraph 12, but admits that the Plaintiff, Michael Gregory, sustained certain physical injuries as a result of burns on January 3, 2022; however, any injuries claimed are due to his own negligence and failure to exercise reasonable and ordinary care.

13. The allegations contained in Paragraph 13 of the Fourth Amended Complaint are DENIED, except that this Defendant admits that as a result of the Plaintiff's injuries, he was required to seek medical care and incurred medical expenses.

14. The Defendant DENIES the allegations of Paragraph 14.

15. The Defendant DENIES the allegations of Paragraph 15.

16. The Defendant DENIES the allegations of Paragraph 16.

## CLAIMS UNDER MISSISSIPPI PRODUCTS LIABILITY ACT
## COUNT I- DEFECTIVELY DESIGNED PRODUCT

17. This answering Defendant adopts and incorporates its answers and defenses heretofore alleged.

18. This answering Defendant DENIES the allegations of Paragraph 18, except that this Defendant ADMITS that it distributed the subject heater and provided warnings pursuant to the applicable standards in the industry.

19. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 19 of the Fourth Amended Complaint and therefore denies said allegations.

20. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 20 of the Fourth Amended Complaint and therefore denies said allegations.

21. This answering Defendant DENIES the allegations of Paragraph 21.

22. This answering Defendant DENIES the allegations of Paragraph 22.

23. This answering Defendant DENIES the allegations of Paragraph 23.

24. This answering Defendant DENIES the allegations of Paragraph 24, except that this Defendant ADMITS that it distributed the subject heater and provided warnings pursuant to the applicable standards in the industry.

25. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 25 of the Fourth Amended Complaint and therefore denies said allegations.

26. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 26 of the Fourth Amended Complaint and therefore denies said allegations.

27. This answering Defendant DENIES the allegations of Paragraph 27, except that this Defendant ADMITS that it distributed the subject heater and provided warnings pursuant to the applicable standards in the industry.

28. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 28 of the Fourth Amended Complaint and therefore denies said allegations.

29. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 29 of the Fourth Amended Complaint and therefore denies said allegations.

30. With respect to the subject heater, this answering Defendant DENIES the allegations of Paragraph 30. As to the remaining allegations, this answering Defendant does not possess information sufficient to respond to the allegations regarding the valve and cylinder

contained in Paragraph 30 of the Fourth Amended Complaint and therefore denies said allegations.

31. With respect to the subject heater, this answering Defendant DENIES the allegations of Paragraph 31. As to the remaining allegations, this answering Defendant does not possess information sufficient to respond to the allegations regarding the valve and cylinder contained in Paragraph 31 of the Fourth Amended Complaint and therefore denies said allegations.

32. With respect to the subject heater, this answering Defendant DENIES the allegations of Paragraph 32. As to the remaining allegations, this answering Defendant does not possess information sufficient to respond to the allegations regarding the valve and cylinder contained in Paragraph 32 of the Fourth Amended Complaint and therefore denies said allegations.

33. With respect to the subject heater, this answering Defendant DENIES the allegations of Paragraph 33. As to the remaining allegations, this answering Defendant does not possess information sufficient to respond to the allegations regarding the valve and cylinder contained in Paragraph 33 of the Fourth Amended Complaint and therefore denies said allegations.

34. This answering Defendant DENIES the allegations of Paragraph 34.

**COUNT II – FAILURE TO CONTAIN ADEQUATE WARNINGS**

35. This answering Defendant DENIES the allegations of Paragraph 35, but ADMITS the identity of the subject heater and that it provided warnings pursuant to the applicable standards.

36. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 36 of the Fourth Amended Complaint and therefore denies said allegations.

37. This answering Defendant DENIES the allegations of Paragraph 37.

38. This answering Defendant DENIES the allegations of Paragraph 38.

39. This answering Defendant ADMITS that it distributed the subject heater and provided warnings pursuant to the applicable standards in the industry. The Defendant DENIES the remaining allegations of Paragraph 39 and all subparagraphs set out thereunder.

40. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 40 of the Fourth Amended Complaint, including all subparagraphs, and therefore denies said allegations.

41. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 41 of the Fourth Amended Complaint and therefore denies said allegations, including all subparts.

42. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 42 of the Fourth Amended Complaint and therefore denies said allegations, including all subparts.

43. This answering Defendant DENIES the allegations of Paragraph 43.

**COUNT III – PRODUCT DESIGNED IN DEFECTIVE MANNER RENDERED THE PRODUCT UNREASONABLY DANGEROUS**

44. This answering Defendant adopts and incorporates its answers and defenses heretofore alleged.

45. This answering Defendant DENIES the allegations of Paragraph 45 except that this Defendant ADMITS that it had duties with respect to this product that were commensurate with Mississippi law.

46. This answering Defendant DENIES the allegations of Paragraph 46.

47. This answering Defendant ADMITS that it distributed the subject heater and provided warnings pursuant to the applicable standards. This Defendant DENIES the remaining allegations of Paragraph 47 and all subparagraphs set out thereunder.

48. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 48 of the Fourth Amended Complaint and therefore denies said allegations.

49. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 49 of the Fourth Amended Complaint and therefore denies said allegations, including all of its subparts.

50. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 50 of the Fourth Amended Complaint and therefore denies said allegations.

51. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 51 of the Fourth Amended Complaint and therefore denies said allegations, including all of its subparts.

52. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 52 of the Fourth Amended Complaint and therefore denies said allegations, including all of its subparts.

53. This answering Defendant DENIES the allegations of Paragraph 53.

## COUNT IV – BREACH OF EXPRESS WARRANTY

54. This answering Defendant adopts and incorporates its answers and defenses heretofore alleged.

55. This answering Defendant DENIES the allegations of Paragraph 55.

56. This answering Defendant DENIES the allegations of Paragraph 56.

57. This answering Defendant DENIES the allegations of Paragraph 57.

58. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 58 of the Fourth Amended Complaint and therefore denies said allegations.

59. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 59 of the Fourth Amended Complaint and therefore denies said allegations.

60. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 60 of the Fourth Amended Complaint and therefore denies said allegations.

61. This answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 61 of the Fourth Amended Complaint and therefore denies said allegations.

62. This answering Defendant DENIES the allegations of Paragraph 62.

## NEGLIGENCE

III. In response to misnumbered Paragraph III, this answering Defendant adopts and incorporates its answers and defenses heretofore alleged.

63. This answering Defendant denies that the Masters Cabinet Heater in question was defective. As to the remaining allegations contained in Paragraph 53, this answering Defendant does not possess information sufficient to respond to the allegations contained in Paragraph 63 of the Fourth Amended Complaint and therefore denies said allegations.

## INJURIES AND COMPENSATORY DAMAGES

64. This answering Defendant adopts and incorporates its answers and defenses heretofore alleged.

65. This answering Defendant DENIES the allegations of Paragraph 65 and all subparagraphs set out thereunder.

66. This answering Defendant DENIES the allegations of Paragraph 66.

67. In answer to the last Paragraph of the Fourth Amended Complaint beginning "WHEREFORE", this answering Defendant denies the allegations thereof and specifically denies that the Plaintiffs are entitled to any relief demanded at this Paragraph.

## SEVENTH DEFENSE

The acts or omissions of third persons over whom this Defendant had no responsibility or ability to control was the sole proximate cause of the alleged incident and injuries, if any, sustained by the Plaintiffs.

### EIGHTH DEFENSE

Affirmatively and alternatively, the acts or omissions of third persons over whom this Defendant has no responsibility or liability and which constitute a proximate contributing cause of the alleged incident and injuries, if any, sustained by the Plaintiffs.

### NINTH DEFENSE

Affirmatively and alternatively, the conduct of third persons constitutes a superseding, intervening cause for which this Defendant can have no liability.

### TENTH DEFENSE

Affirmatively and alternatively, if the Plaintiffs have suffered any damages as a result of any act of this Defendant, all of which are expressly denied, the Plaintiffs committed such negligence of an independent character such that his negligence supersedes any and all negligence on the part of this Defendant, which is expressly denied.

### ELEVENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would show that the personal and economic injury claims of the Plaintiffs are for conditions which pre-existed the date of occurrence and for which this Defendant cannot be liable.

### TWELFTH DEFENSE

Affirmatively and alternatively, this answering Defendant would show that the damages claimed by the Plaintiffs were not reasonably foreseeable by this answering Defendant and therefore, it can have no liability whatsoever for the allegations of the Fourth Amended Complaint and as such, the Defendant acted reasonably and was not negligent.

## THIRTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would specifically plead the doctrine of "comparative negligence" or "comparative fault" or "assumption of risk" in full or partial avoidance of the damages alleged herein.

## FOURTEENTH DEFENSE

Affirmatively, this answering Defendant cannot be held liable for any of the damages sought by the Plaintiffs in the demand to the extent not permitted by Mississippi law or by the Rules of Civil Procedure.

## FIFTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would adopt and incorporate the provisions of Miss. Code Ann. §85-5-7 as to its liability, if any, as a joint and/or several tort feasor, and in the event that liability is recognized as against this answering Defendant, then said liability should be apportioned pursuant to the statute and this Defendant reserves the right to seek recovery, pursuant to the statute, from any other party or individual, known or unknown, to the extent provided by Mississippi law.

## SIXTEENTH DEFENSE

This answering Defendant would assert that it is entitled to a set-off and/or credit for any and all amounts paid by it or on its behalf to the Plaintiffs as a result of the claim submitted herein, and further, that the Plaintiffs have failed to mitigate his damages herein.

## SEVENTEENTH DEFENSE

This answering Defendant would affirmatively assert that its product was not defective, improperly designed or unreasonably dangerous when used properly and consistent with all

instructions and warnings, and if done so, the product's inherent danger meets the expectations of the consumer and any "danger", if any, is consistent with the expectations of the buyer and is the reason that the product was purchased.

## EIGHTEENTH DEFENSE

This Defendant exercised due care at all times relevant to the allegations of the Fourth Amended Complaint.

## NINETEENTH DEFENSE

This Defendant complied at all times with all statutes, rules or regulations applicable to the Defendant as it relates to the allegations of the Fourth Amended Complaint.

## TWENTIETH DEFENSE

This Defendant specifically avers that the negligence, if any, of the Defendant was not the proximate cause or proximate contributing cause of the Plaintiffs' alleged damages.

## TWENTY-FIRST DEFENSE

This answering Defendant would affirmatively show that it did not manufacture or assemble the product complained of and only distributed the subject heater and provided warnings pursuant to the applicable standards and therefore, this answering Defendant would specifically rely upon the Mississippi "closed package" doctrine in full avoidance of any liability whatsoever as to the Plaintiffs.

## TWENTY-SECOND DEFENSE

This answering Defendant would affirmatively and alternatively show that an alternate design is currently unavailable and that the product complied with "state of the art" technology

even though it is a product that requires caution in its use and the fact that it is purchased precisely for the inherently dangerous quality.

### TWENTY-THIRD DEFENSE

This answering Defendant would affirmatively show that the literature supplied with the product was specific in its warnings about the risk of injury unless all operational steps were assiduously performed and applied and since the Plaintiff failed to comply with all operational directives and sustained an injury, this Defendant complied with all expectations of Mississippi law and cannot be liable in any way to the Plaintiffs for damages.

### TWENTY-FOURTH DEFENSE

Affirmatively and alternatively, and out of an abundance of caution, if any other matter constituting an avoidance or affirmative defense should become apparent during the pendency of these proceedings, this answering Defendant herein reserve its right to assert any such matter as an avoidance or affirmative defense.

### TWENTY-FIFTH DEFENSE

This answering Defendant further denies each and every material allegation of the Fourth Amended Complaint, as well as the each and every material allegation of the original Complaint, the First Supplemental and Amended Complaint, the Second Supplemental and Amended Complaint, the Third Amended Complaint, and the Fourth Amended Complaint which has not been specifically admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof.

## TWENTY-SIXTH DEFENSE

This answering Defendant would affirmatively show that it does not have a duty to ensure that no injury can occur, but can only be held responsible for damages if it breached a duty of care of a manufacturer, supplier or distributor under Mississippi law, which is denied by this Defendant.

## TWENTY-SEVENTH DEFENSE

This answering Defendant affirmatively asserts the provisions of Miss. Code Ann. §11-1-65 as to the Plaintiffs' claim seeking punitive damages and would additionally show that a Punitive Damage award in this matter is inconsistent with Mississippi law, the Mississippi Constitution, and the United States Constitution.

## TWENTY-EIGHTH DEFENSE

This answering Defendant affirmatively asserts that it did not violate any express or implied warranties, warranties of fitness for particular purposes, or warranties of merchantability nor any written, implied or verbal warnings to the Plaintiffs, and would further show that all applicable and necessary warnings were properly conveyed in the enclosed material with the product and were sufficient to understand for anyone exercising ordinary and reasonable care for their own safety and welfare.

## TWENTY-NINTH DEFENSE

The damages asserted by the Plaintiffs, whether in the form of personal injury, property damages, economic losses or loss of consortium or services, are due to the Plaintiffs' own conduct, which is the sole and proximate cause of these claims for damages.

**THIRTIETH DEFENSE**

This answering Defendant would affirmatively show that the Plaintiffs are not entitled to attorneys fees, pre- or post-judgment interest and are not entitled to any other form of relief sought in the various and sundry prayers of the Fourth Amended Complaint.

And now, having fully answered the Fourth Amended Complaint exhibited against it, this Defendant prays to be dismissed with its proper costs and attorney's fees herein.

Respectfully submitted, this the 14th day of April, 2025.

       **PINNACLE CLIMATE TECHNOLOGIES, INC.**

    BY: COPELAND, COOK, TAYLOR & BUSH, P.A.

    BY: /S/ WILLIAM E. WHITFIELD, III
       Mississippi Bar No. 7161
       /S/ KAARA L. LIND
       Mississippi Bar No. 10604

       Centennial Plaza
       200 East Beach Boulevard, Building #5
       Gulfport, Mississippi 39507
       P.O. Box 10
       Gulfport, Mississippi 39502-0010
       telephone (228) 863-6101

**ANSWER TO FOURTH AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Scott E. Chabert, Jr., Esq.
schabert@saunderschabert.com
**Attorney for Plaintiff**s

D. Stephen Brouillette, Jr., Esq.
Sbrouillette@daiglefisse.com
Jenson Varghese, Esq.
jvarghese@gerberciano.com
**Attorney for Cavagna North American, Inc.**

Fredrick B. Feeney, II, Esq.
fbf@frslaw.com
Shellye V. McDonald, Esq.
svm@frslaw.com
H. Brook Laskey, Esq.
Blaskey@mlllaw.com
Brandon M. Meyers, Esq.
bmeyers@mlllaw.com
**Attorneys for Defendant, Amerigas Propane, L.P.**

                                             */S/ WILLIAM E. WHITFIELD, III*
                                             */S/ KAARA L. LIND*

William E. Whitfield, III
Kaara L. Lind
COPELAND, COOK, TAYLOR & BUSH, P.A.
Centennial Plaza
200 East Beach Boulevard, Building #5
Gulfport, Mississippi 39507
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 868-9077
bwhitfield@wewiii.net
klind@cctb.com