## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

MICHAEL GREGORY & FRAN GREGORY,

          Plaintiffs,

v.

PINNACLE CLIMATE TECHNOLOGIES,
INC., d/b/a MASTER INDUSTRIAL
PRODUCTS, CAVAGNA NORTH
AMERICA, AMERIGAS PROPANE, L.P.
TRACTOR SUPPLY CO., and
WORTHINGTON ENTERPRISES, INC.

          Defendants.

CIVIL ACTION NO.:
1:23-cv-239-TBM-BWR

---

## DEFENDANT, CAVAGNA NORTH AMERICA'S ANSWER TO FOURTH AMENDED COMPLAINT (JURY TRIAL REQUESTED)

---

Defendant, CAVAGNA NORTH AMERICA INC., (hereinafter referred to as The "Answering Defendant" or "CAVAGNA"), by and through its counsel, DAIGLE FISSE & KESSENICH, PLC, hereby files its Answer, Cross-Claims, and Affirmative Defenses to Plaintiffs' Fourth Amended Complaint, and states upon information and belief:

### PARTIES, JURISDICTION, AND VENUE

1.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of Plaintiffs' Fourth Amended Complaint.

2.      The Answering Defendant denies the allegations as set forth in paragraph "2" of Plaintiffs' Fourth Amended Complaint except admits that it is incorporated in New Jersey with its principal place of business in New Jersey.

3.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

4.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

5.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

6.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

## **FACTUAL ALLEGATIONS**

7.      The Answering Defendant denies the allegations as set forth in paragraph "7" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES,   INC.,   AMERIGAS PROPANE L.P., WORTHINGTON ENTERPRISES INC., and TRACTOR SUPPLY CO. and respectfully refers all questions of law and/or fact to the trial court of this matter.

8.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of Plaintiffs' Fourth Amended Complaint.

9.      The Answering Defendant denies the allegations as set forth in paragraph "9" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "9" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

10.      The Answering Defendant denies the allegations as set forth in paragraph "10" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

11.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

12.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

13.      The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

14.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

15.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

16.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

**ANSWERING CLAIMS UNDER MISSISSIPPI PRODUCTS LIABILITY ACT**
**COUNT I – DEFECTIVELY DESIGNED PRODUCT**

17.     The Answering Defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "16" of this Answer to Plaintiffs' Fourth Amended Complaint with the same force and effect as if they were set forth fully and at length herein.

18.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

19.     The Answering Defendant denies the allegations set forth in paragraph "19" of Plaintiffs' Fourth Amended Complaint.

20.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

21.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

22.    The Answering Defendant denies the allegations set forth in paragraph "22" of Plaintiffs' Fourth Amended Complaint.

23.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

24.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

25.    The Answering Defendant denies the allegations set forth in paragraph "25" of Plaintiffs' Fourth Amended Complaint.

26.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

27.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

28.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

29. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

30. The Answering Defendant denies the allegations as set forth in paragraph "30" of Plaintiffs' Fourth Amended Complaint as it refers to CAVAGNA, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES  and  AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

31. The Answering Defendant denies the allegations as set forth in paragraph "31" of Plaintiffs' Fourth Amended Complaint as it refers to CAVAGNA and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES  and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

32. The Answering Defendant denies the allegations as set forth in paragraph "32" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON

ENTERPRISES   and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

33.    The Answering Defendant denies the allegations as set forth in paragraph "33" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES   and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

34.    The Answering Defendant denies the allegations as set forth in paragraph "34" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES   and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

## ANSWERING COUNT II – FAILURE TO CONTAIN ADEQUATE WARNINGS

35.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

36.    The Answering Defendant denies the allegations as set forth in paragraph "36" of Plaintiffs' Fourth Amended Complaint as it refers to CAVAGNA and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36"

of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, WORTHINGTON ENTERPRISES  and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

37.    The Answering Defendant denies the allegations as set forth in paragraph "37" of Plaintiffs' Fourth Amended Complaint as it refers to CAVAGNA and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES  and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

38.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

39.    The Answering Defendant denies the allegations to extent they relate or refer to valve and/or Cavagna as set forth in paragraph "39 and (a-f)" of Plaintiffs' Fourth Amended Complaint. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they relate or refer to PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES  and AMERIGAS PROPANE, L.P., set forth in paragraph "39 and (a-f)" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

40.    The Answering Defendant denies the allegations set forth in paragraph "40 and (a-e)" of Plaintiffs' Fourth Amended Complaint.

41.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41 and (a-e)" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

42.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42 and (f-j)" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

43.    The Answering Defendant denies the allegations as set forth in paragraph "43" of Plaintiffs' Fourth Amended Complaint as it refers to CAVAGNA and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES  and  AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

**ANSWERING COUNT III – PRODUCT DESIGNED IN DEFECTIVE MANNER RENDERED THE PRODUCTS UNREASONABLY DANGEROUS**

44.    The Answering Defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "43" of this Answer to Plaintiffs' Fourth Amended Complaint with the same force and effect as if they were set forth fully and at length herein.

45.    The Answering Defendant denies the allegations as set forth in paragraph "45" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE

TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

46.    The Answering Defendant denies the allegations to extent they relate or refer to valve and/or Cavagna as set forth in paragraph "46" of Plaintiffs' Fourth Amended Complaint. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate or refer to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES and AMERIGAS PROPANE, L.P. as set forth in paragraph "46" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

47.    The Answering Defendant denies the allegations to extent they relate or refer to valve and/or Cavagna as set forth in paragraph "47 and (a-h)" of Plaintiffs' Fourth Amended Complaint. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate or refer to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES and AMERIGAS PROPANE, L.P. as set forth in paragraph "47 and (a-h)" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

48.    The Answering Defendant denies the allegations set forth in paragraph "48" of Plaintiffs' Fourth Amended Complaint.

49.    The Answering Defendant denies the allegations set forth in paragraph "49 and (a-h)" of Plaintiffs' Fourth Amended Complaint.

50.    The Answering Defendant denies the allegations to extent they relate or refer to valve and/or Cavagna as set forth in paragraph "50" of Plaintiffs' Fourth Amended Complaint. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate or refer to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES and AMERIGAS PROPANE, L.P. as set forth in paragraph "50" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

51.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51 and (a-h)" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

52.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52 and (i-p)" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

53.    The Answering Defendant denies the allegations as set forth in paragraph "53" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

## ANSWERING COUNT IV – BREACH OF EXPRESS WARRANTY

54.    The Answering Defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "53" of this Answer to Plaintiffs' Fourth Amended Complaint with the same force and effect as if they were set forth fully and at length herein.

55.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

56.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

57.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

58.    The Answering Defendant denies the allegations set forth in paragraph "58" of Plaintiffs' Fourth Amended Complaint.

59.    The Answering Defendant denies the allegations set forth in paragraph "59" of Plaintiffs' Fourth Amended Complaint.

60.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

61.    The Answering Defendant denies the allegations as set forth in paragraph "61" to extent they relate or refer to valve and/or Cavagna as alleged in Plaintiffs' Fourth Amended Complaint. The Answering Defendant denies knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph "61" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

62.    The Answering Defendant denies the allegations as set forth in paragraph "62" as it refers to Cavagna as alleged in Plaintiffs' Fourth Amended Complaint. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES and AMERIGAS PROPANE, L.P. and respectfully refers all questions of law and/or fact to the trial court of this matter.

## ANSWERING COUNT NEGLIGENCE

In response to the paragraph numbered "III" of the Fourth Amended Complaint following the word "NEGLIGENCE," the Answering Defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "62" of this Answer to Plaintiffs' Fourth Amended Complaint with the same force and effect as if they were set forth fully and at length herein.

63.    The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of Plaintiffs' Fourth Amended Complaint and respectfully refers all questions of law and/or fact to the trial court of this matter.

## **ANSWERING INJURIES AND COMPENSATORY DAMAGES**

64.     The Answering Defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "63" of this Answer to Plaintiffs' Fourth Amended Complaint with the same force and effect as if they were set forth fully and at length herein.

65.     The Answering Defendant denies the allegations as set forth in paragraph "65 and (a-e)" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint. The Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65 and (a-e)" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES, AMERIGAS PROPANE, L.P. and TRACTOR SUPPLY CO. and respectfully refers all questions of law and/or fact to the trial court of this matter.

66.     The Answering Defendant denies the allegations as set forth in paragraph "66" as it refers to CAVAGNA as alleged in Plaintiffs' Fourth Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of Plaintiffs' Fourth Amended Complaint as it refers to co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC. d/b/a MASTER INDUSTRIAL PRODUCTS, WORTHINGTON ENTERPRISES, AMERIGAS PROPANE, L.P. and TRACTOR SUPPLY CO. and respectfully refers all questions of law and/or fact to the trial court of this matter.

67.     The Answering Defendant denies the final, unnumbered paragraph of the Fourth Amended Complaint beginning with the word "WHEREFORE," and further denies Plaintiffs are entitled to any award of damages, whatsoever.

**DEFENDANT, CAVAGNA NORTH AMERICA INC.'S, CROSS-CLAIMS AGAINST
CO-DEFENDANTS, PINNACLE CLIMATE TECHNOLOGIES, INC.
d/b/a MASTER INDUSTRIAL PRODUCTS, and TRACTOR SUPPLY CO.**

Now comes Defendant, CAVAGNA NORTH AMERICA INC. ("Cavagna"), pursuant to

Fed. R. Civ. P. 13(g), and files its Cross-Claims against co-Defendants Pinnacle Climate

Technologies, Inc. d/b/a Master Industrial Products, and Tractor Supply Co., showing unto the

Court the following, to wit:

68.    That if the damages and injuries alleged in Plaintiffs' Fourth Amended Complaint

were the result of any negligence other than the Plaintiffs' own negligence, said injuries and

damages, if any, were directly and proximately caused by the active, primary and affirmative acts,

omissions, breach of duty, breach of contract, breach of warranty, fault, carelessness, negligence,

recklessness or other culpable conduct on the part of co-defendants, PINNACLE CLIMATE

TECHNOLOGIES, INC., d/b/a MASTER INDUSTRIAL PRODUCTS, and TRACTOR SUPPLY

CO. and their agents, servants and/or employees, without any active or affirmative negligence or

other culpable conduct on the part of Cavagna, contributing thereto, and that for these reasons, said

co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC., d/b/a MASTER INDUSTRIAL

PRODUCTS, and TRACTOR SUPPLY CO.,  are  obligated  to indemnify and hold harmless

Cavagna, by contract or otherwise, from and against any and all liability and damages which may

be imposed upon Cavagna, and if any negligence or liability is found to exist on the part of

Cavagna, such liability and negligence is secondary and/or passive, or the result solely of operation

of law as opposed to the liability of said co-defendants, whose liability is primary and active as

aforesaid, and in such event Cavagna demands judgment over and against said co-defendants,

PINNACLE CLIMATE TECHNOLOGIES, INC., d/b/a MASTER INDUSTRIAL PRODUCTS,

and TRACTOR SUPPLY CO. in indemnity and/or contribution, for the amount of any verdict or

judgment which shall or may be had against Cavagna in this action, together with all costs and expenses which may be incurred in the defense of this action.

69.     Alternatively, if Cavagna is held liable to Plaintiffs in this action, such liability and damages will have arisen out of and have been contributed to in total or in substantial part by the acts, omissions, fault, negligence, carelessness, recklessness or the breach of contract, breach of warranty or other agreement and/or strict liability of the co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC., d/b/a MASTER INDUSTRIAL PRODUCTS, and TRACTOR SUPPLY CO. and their agents, servants and/or employees., or their agents, servants, or employees, without any active or affirmative negligence, culpable conduct, breach of contract, warranty, or other agreement by Cavagna, and in such event Cavagna is, therefore, entitled to contribution from co-defendants, PINNACLE CLIMATE TECHNOLOGIES, INC., d/b/a MASTER INDUSTRIAL PRODUCTS, and TRACTOR SUPPLY CO.  and  their  agents, servants and/or employees in accordance with the parties' respective culpability, together with all costs and expenses which may be incurred in the defense of this action.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims should be dismissed on the grounds of *forum non conveniens*.

## **SECOND AFFIRMATIVE DEFENSE**

Some or all of the damages claimed by Plaintiffs are limited or are not recoverable under the applicable law. Further, in the event damages are to be awarded to the Plaintiffs, such damages should be reduced or offset by various benefits received under applicable law.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiffs are found to have suffered damages, any damages suffered by Plaintiffs were not proximately caused by the incident and to the extent that the injuries were caused by events other than the incident, The Answering Defendant should not be liable or responsible for Plaintiffs' damages.

## FOURTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiffs were caused or contributed to by Plaintiffs own negligence or culpable conduct and the Answering Defendant is, therefore, not liable to Plaintiffs or, alternatively, this Answering Defendant's liability to Plaintiffs are partial only and should be reduced in accordance with applicable law.

## FIFTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiffs were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom the Answering Defendant had no control at any time relevant hereto, and in the event the Answering Defendant is found liable to Plaintiffs, which liability is expressly denied, this Answering Defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages were caused and brought about by an intervening and superseding cause and were not caused by the Answering Defendant or by a person or entity for whom the Answering Defendant is responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of his alleged damages and on that account the Answering Defendant is not liable to plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The Fourth Amended Complaint fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

If the Plaintiffs sustained any injuries or damages at the time and place alleged in the Fourth Amended Complaint, such injuries and/or damages were the result of the culpable conduct of the Plaintiffs, and/or the other parties hereto or were the result of the Plaintiffs' assumption of risk. Should it be found, however, that the Answering Defendant is liable to the Plaintiffs herein, any liability being specifically denied, then any damages are to be apportioned among the Plaintiffs, the Answering Defendant and/or the other parties hereto according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## TENTH AFFIRMATIVE DEFENSE

That the Plaintiffs could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event that Plaintiffs recover a verdict or judgment against the Answering Defendant, then said verdict or judgment must be reduced by those amounts which have been or will with reasonable certainty replace or indemnify plaintiff in whole or in part for any past or future claimed

medical expenses, or other such economic loss, as paid from any collateral source, such as, but not limited to, insurance, social security, worker's compensation, or employee programs.

## TWELFTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by the Answering Defendant is involved in the subject occurrence, the product in question, when sold as new property, was merchantable and reasonably suited to its intended use.

## THIRTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by the Answering Defendant is involved in the subject occurrence, the product was substantially misused, abused, modified and/or altered subsequent to its placement into the stream of commerce by the Answering Defendant, and such misuse, abuse, modification and/or alteration proximately caused Plaintiffs' alleged injuries and damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

This court does not have jurisdiction over this Answering Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Answering Defendant was not properly served with process in the within action.

## SIXTEENTH AFFIRMATIVE DEFENSE

The venue for the within action is improper.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred by the applicable statute of limitations, statute of repose, doctrines of laches, waiver, fraud, release and/or estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by the Answering Defendant was involved in the alleged accident, and any express warranties were made with regard to the product, and/or if implied warranties are deemed to exist with respect to the product, no notice of any alleged breach of this warranty was provided to defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by the Answering Defendant was involved in the subject occurrence, said product at all times conformed with the current state-of-the-art or knowledge of trade or industry customs and standards applicable at that time in the industry which produced such products.

## TWENTIETH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by the Answering Defendant is involved in the subject accident, the alleged damages were the result of the product having been used in a manner not intended by the Answering Defendant or in a manner not in accordance with the instructions and labels provided with it or with known safety practices.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If the product referred to in Plaintiffs' complaint was dangerous or defective as alleged by Plaintiffs, which is expressly denied by the Answering Defendant, then such condition was open and obvious and Plaintiffs by the exercise of reasonable care would have discovered the defect and perceived the danger.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not alleged, and cannot prove by clear and convincing evidence, the Answering Defendant acted with actual malice, gross negligence evidencing a willful, wanton or reckless disregard for the safety of others, or committed actual fraud, as required by Miss. Code Ann. § 11-1-65.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and/or damages alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

While denying the existence and/or breach of any warranties, the Answering Defendant asserts that, in the event that any such warranties did exist, the Plaintiffs did not rely upon same.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were the result of preexisting or subsequent conditions unrelated to the subject products allegedly manufactured or distributed by the Answering Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendant had no duty to warn about any possible dangers in using its products that were not known or knowable at the time of manufacture and sale of its products.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiffs' claims and causes of action are barred because Plaintiffs or Plaintiffs' agents have by act or omission, destroyed, lost or spoliated evidence crucial to the defense of the claims asserted in the Fourth Amended Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the spoliation of the product or the alleged defective component parts at issue has deprived the Answering Defendant of its full and unfettered opportunity to establish and present a defense herein, thus entitling it to dismissal of the claims against it.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to take all steps necessary and proper to mitigate damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable for the injuries and damages alleged in this action has been given or may thereafter be given a release or a covenant not to sue, the Answering Defendant will be entitled to protection and the corresponding reduction of any damages which may be determined to be due against the Answering Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Answering Defendant reserves all rights to amend its Answer and adopt additional defenses which have been or will be served, pleaded and/or asserted by other parties in this action. In addition, the Answering Defendant will rely upon further defenses which become available or

arise during discovery proceedings in this action, and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

### THIRTY-FOURTH  AFFIRMATIVE  DEFENSE

Plaintiffs' injuries, if any, are the result of the actions and/or omissions of a third party over whom the Answering Defendant had no control and in the event the Answering Defendant found liable to Plaintiffs, which liability is expressly denied, the Answering Defendant will be entitled to indemnification, contribution, or apportionment of liability.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages were either solely or proximately caused by Plaintiffs' employer's breach of its non-delegable duty to provide a safe working environment.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

All express warranties that were created, if any, were excluded.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendant's conduct created no implied warranties.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be controlled by the application of law other than that of the State of Mississippi.

### FORTIETH AFFIRMATIVE DEFENSE

The Answering Defendant reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

## <u>FORTY-FIRST AFFIRMATIVE DEFENSE</u>

Defendant denies each and every allegation of the Fourth Amended Complaint not heretofore responded to.

**WHEREFORE,** Answering Defendant, CAVAGNA NORTH AMERICA INC., demands judgment dismissing the Plaintiffs' Fourth Amended Complaint, and/or for indemnification and/or contribution, in whole or in part, for the amount of any sum which may be recovered against this answering Defendant, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 15th day of April 2025.

**CAVAGNA NORTH AMERICA INC**.

BY: /s/ *D. Stephen Brouillette, Jr.*
D. Stephen Brouillette, Jr. (MS Bar #99529)
DAIGLE FISSE & KESSENICH, PLC
Post Office Box 5350
Covington, Louisiana 70434
Telephone:      (985) 871-0800
Facsimile:      (985) 871-0899
Email:          sbrouillette@daiglefisse.com

Physical Address:
227 Highway 21
Madisonville, Louisiana 70447

Jensen Varghese *PHV* (NY Bar #4237624)
GERBER CIANO KELLY BRADY, LLP
Post Office Box 1060
Buffalo, New York 14201
Telephone:      (914) 539-3344
Email:          fciano@gerberciano.com
                jvarghese@gerberciano.com

Physical Address:
150 Grand Street, Suite 610
White Plains, New York 10601

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 15 April 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of Mississippi using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ D. Stephen Brouillette, Jr.*
