IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL GREGORY AND FRAN GREGORY**          **PLAINTIFFS**

**VERSUS**          **CIVIL NO. 1:23-cv-239-TBM-BWR**

**PINNACLE CLIMATE TECHNOLOGIES, INC.
d/b/a MASTER INDUSTRIAL PRODUCTS,
CAVAGNA NORTH AMERICA, INC., AMERIGAS
PROPANE, L.P., TRACTOR SUPPLY, CO., and
WORTHINGTON ENTERPRISES, INC.**          **DEFENDANTS**

---

**ANSWER OF PINNACLE CLIMATE TECHNOLOGIES, INC.
TO THE [SECOND] CROSS-CLAIM OF CAVAGNA NORTH AMERICA [Doc. 78]**

---

COMES NOW the Defendant, Pinnacle Climate Technologies, Inc. d/b/a Master Industrial Products, by and through its counsel of record, Copeland, Cook, Taylor & Bush, P.A., and, pursuant to the provisions of the Federal Rules of Civil Procedure, files its Answer and Defenses to the [Second] Cross-Claim of Cavagna North America [Doc. 78] (hereinafter, the "Cross-Claim", and/or "Cavagna") as follows:

**FIRST DEFENSE**

The Cross-Claim fails to state a claim upon which relief may be granted as against this answering Defendant and must be dismissed pursuant to the provisions of Rule 12, Fed. R. Civ. P., and does not properly state a cross claim seeking appropriate relief under Rule 13, Fed. R. Civ. P.

## SECOND DEFENSE

This Defendant specifically reserves and invokes all other rights and defenses available to it, including, but not limited to, those set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, or Mississippi Code Annotated, and/or at common law for which a good faith and/or factual basis exists in its favor.

## THIRD DEFENSE

This answering Defendant would assert any and all statutes of limitation, limitation of actions, defenses in abatement, estoppel, laches and statutes of repose, in full avoidance of any and all claims or causes of action as against this answering Defendant.

## FOURTH DEFENSE

This answering Defendant would affirmatively plead the defenses to the cross claim incorporated into the Miss. Products Liability statute, Miss. Code Ann. §11-1-63, (and by construing case law), including, but not limited to: (A) the product was not defective, (B) the product was not defective even though it incorporated technology and equipment which would make it dangerous if mis-used, (C) the Plaintiff misused the product and this misuse was not foreseeable, (D) the product was dependent upon customer orientation and familiarity (i.e., instructions, warnings, distributor orientation, and a basic understanding of dangerous collateral agents, etc.) which the Plaintiff failed to understand, appreciate and/or deploy and/or apply in his use of the product, (E) the product contained adequate and reasonable warnings which were ignored by the Plaintiff, (F) the product itself was not unreasonably dangerous, (F) if the product was dangerous, it was only made so as a consequence of misuse and changes by the buyer in

failing to properly incorporate other necessary items or equipment, (G) the product was inherently dangerous and was dependent upon customer orientation and proper use notwithstanding that the product when not handled properly can become inherently dangerous, (H) the Plaintiff failed to handle, operate, connect, assemble, or otherwise install the product reasonably or prudently, (I) the Plaintiff possessed full knowledge of the application and capabilities of the product, whether inherently dangerous or not, and he voluntarily exposed himself to the danger resulting in injury, (J) the Plaintiff assumed the risk of injury by his misuse of the product, (K) the inherent danger of the product was open and obvious to anyone exercising ordinary care, (L) the product itself did not fail to function as expected and anticipated, but another product resulted in the failure of this Defendant's equipment which resulted in injury to the Plaintiff, none of which could be foreseeable and anticipated, (M) this Defendant cannot be responsible to the Plaintiff due to the Mississippi "closed package" doctrine, (N) the Plaintiff altered the product resulting in his injury, and (O) any other common law defense may be reserved as provided for by the statute.

### FIFTH DEFENSE

This answering Defendant affirmatively pleads the provisions of the Mississippi Uniform Commercial Code as a defense to the cross claim, particularly those sections that apply to the sales of "products" to wit: §75-2-313 *et seq*.

## SIXTH DEFENSE AND ANSWER TO THE CROSS-CLAIM

And now, answering the Cross-Claim, paragraph by paragraph, and subject to any and all defenses asserted by this Defendant, affirmative and otherwise, this answering Defendant would show the following in response to the specific allegations of the Cross-Claim, to-wit:

1.

As to those allegations contained in the first paragraph (numbered 68) of the Cross-Claim specifically asserted against this Defendant, this Defendant denies all said allegations in their entirety. As to the remaining allegations, this answering Defendant does not possess information sufficient to respond to the allegations concerning the separate Defendant, Tractor Supply Co., as contained in the first paragraph (numbered 68) of the Cross-Claim and therefore denies said allegations.

2.

As to those allegations contained in the second paragraph (numbered 69) of the Cross-Claim specifically asserted against this Defendant, this Defendant denies said allegations in their entirety. As to the remaining allegations, this answering Defendant does not possess information sufficient to respond to the allegations concerning Tractor Supply Co. contained in the second paragraph (numbered 69) of the Cross-Claim and therefore denies said allegations.

3.

In response to the final unnumbered paragraph of Document 78 filed by Defendant Cavagna North America beginning "WHEREFORE", this answering Defendant denies the

allegations asserted against it therein and further denies that neither the Plaintiffs nor Cavagna North America are entitled to recover from this Defendant in any amount whatsoever, whether characterized as one for indemnity and/or subrogation and whether such a claim originates by contract or operation of law.

## SEVENTH DEFENSE

The acts or omissions of third persons over whom this Defendant had no responsibility or ability to control, including Cavagna, was the sole proximate cause of the alleged incident and injuries, if any, sustained by the Plaintiffs or Cross Claimant.

## EIGHTH DEFENSE

Affirmatively and alternatively, the acts or omissions of third persons over whom this Defendant has no responsibility or liability, including Cavagna, constitute a/the proximate contributing cause of the alleged incident and injuries, if any, sustained by the Plaintiffs or Cross Claimant.

## NINTH DEFENSE

Affirmatively and alternatively, the conduct of third persons, including Cavagna, constitutes a superseding, intervening cause for which this Defendant can have no liability.

## TENTH DEFENSE

Affirmatively and alternatively, if the Plaintiffs or Cavagna have suffered any damages as a result of any act of this Defendant, all of which are expressly denied, the Plaintiffs and/or Cavagna committed such negligence of an independent character that their negligence supersedes any and all negligence on the part of this Defendant, which is expressly denied.

## ELEVENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would show that the personal and economic injury claims of the Plaintiffs are for conditions which pre-existed the date of occurrence and for which this Defendant or any party cannot be liable.

## TWELFTH DEFENSE

Affirmatively and alternatively, this answering Defendant would show that the damages claimed by the Plaintiffs or Cavagna were not reasonably foreseeable by this answering Defendant and therefore, neither it nor any party can have any liability whatsoever for the allegations of either the Fourth Amended Complaint or the Cross-Claim and as such, the Defendant acted reasonably and was not negligent and therefore the Cross-Claim is improper.

## THIRTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would specifically plead the doctrine of "comparative negligence" or "comparative fault" or "assumption of risk" in full or partial avoidance of the damages alleged herein.

## FOURTEENTH DEFENSE

Affirmatively, this answering Defendant cannot be held liable for any of the damages sought by either the Plaintiffs or of the Cross-Claimant in their respective demands to the extent not permitted by Mississippi law or by the Rules of Civil Procedure.

## FIFTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would adopt and incorporate the provisions of Miss. Code Ann. §85-5-7 as to its liability, if any, as a joint and/or several tort

feasor, and in the event that liability is recognized as against this answering Defendant, then said liability should be apportioned pursuant to the statute and this Defendant reserves the right to seek recovery, pursuant to the statute, from any other party or individual, including the Cross Claimant, known or unknown, to the extent provided by Mississippi law.

### SIXTEENTH DEFENSE

This answering Defendant would assert that it is entitled to a set-off and/or credit for any and all amounts paid by it or on its behalf to the Plaintiffs as a result of the claim submitted herein, and further, that the Plaintiffs have failed to mitigate his damages herein.

### SEVENTEENTH DEFENSE

This answering Defendant would affirmatively assert that its product was not defective, improperly designed or unreasonably dangerous when used properly and consistent with all instructions and warnings, and if done so, the product's inherent danger meets the expectations of the consumer and any "danger", if any, is consistent with the expectations of the buyer and is the reason that the product was purchased. Further, this answering Defendant would have had no reason to believe that the product/equipment of the Cross Claimant was defective and, if any defect of the product or equipment of the Cross Claimant results in liability to this Defendant, then this answering Defendant is entitled to indemnity from the Cross Claimant.

### EIGHTEENTH DEFENSE

This Defendant exercised due care at all times relevant to the allegations of the Fourth Amended Complaint and/or the Cross-Claim.

**NINETEENTH DEFENSE**

This Defendant complied at all times with all statutes, rules or regulations applicable to the Defendant as it relates to the allegations of the Fourth Amended Complaint and/or the Cross-Claim.

**TWENTIETH DEFENSE**

This Defendant specifically avers that the negligence, if any, of the Defendant was not the proximate cause or proximate contributing cause of the Plaintiffs' alleged damages.

**TWENTY-FIRST DEFENSE**

This answering Defendant would affirmatively show that it did not design, manufacture and/or assemble the product complained of and only distributed the subject heater and provided warnings pursuant to the applicable standards and therefore, this answering Defendant would specifically rely upon the Mississippi "closed package" doctrine in full avoidance of any liability whatsoever as to the Plaintiffs or the Cross Claimant.

**TWENTY-SECOND DEFENSE**

This answering Defendant would affirmatively and alternatively show that an alternate design is currently unavailable and that the product complied with "state of the art" technology even though it is a product that requires caution in its use and the fact that it is purchased precisely for what might be considered an inherently dangerous activity.

**TWENTY-THIRD DEFENSE**

This answering Defendant would affirmatively show that the literature supplied with the product was specific in its warnings about the risk of injury unless all operational steps were

strictly performed and applied and since the Plaintiff failed to comply with all operational directives and sustained an injury, this Defendant complied with all expectations of Mississippi law and cannot be liable in any way to the Plaintiffs and/or the Cross-Claimant for damages.

## TWENTY-FOURTH DEFENSE

Affirmatively and alternatively, and out of an abundance of caution, if any other matter constituting an avoidance or affirmative defense should become apparent during the pendency of these proceedings, this answering Defendant herein reserve its right to assert any such matter as an avoidance or affirmative defense.

## TWENTY-FIFTH DEFENSE

This answering Defendant further denies each and every material allegation of the Cross-Claim which has not been specifically admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof.

## TWENTY-SIXTH DEFENSE

This answering Defendant would affirmatively show that it does not have a duty to ensure that no injury can occur, but can only be held responsible for damages if it breached a duty of care of a distributor under Mississippi law, which is denied by this Defendant.

## TWENTY-SEVENTH DEFENSE

This answering Defendant affirmatively asserts the provisions of Miss. Code Ann. §11-1-65 as to the Plaintiffs' claim seeking punitive damages and would additionally show that a Punitive Damage award in this matter is inconsistent with Mississippi law, the Mississippi Constitution, and the United States Constitution.

## TWENTY-EIGHTH DEFENSE

This answering Defendant affirmatively asserts that it did not violate any express or implied warranties, warranties of fitness for particular purposes, or warranties of merchantability nor any written, implied or verbal warnings to the Plaintiffs, and would further show that all applicable and necessary warnings were properly conveyed in the material enclosed with the product and were sufficient to understand for anyone exercising ordinary and reasonable care for their own safety and welfare.

## TWENTY-NINTH DEFENSE

The damages asserted by the Plaintiffs, whether in the form of personal injury, property damages, economic losses or loss of consortium or services, are due to the Plaintiffs' own conduct, which is the sole and proximate cause of these claims for damages.

## THIRTIETH DEFENSE

This answering Defendant would affirmatively show that the Cross-Claimant is not entitled to any form of relief whatsoever sought in the various and sundry ad damnum of the Cross-Claim.

And now, having fully answered the Cross-Claim exhibited against it, this Defendant prays to be dismissed with its proper costs and attorney's fees herein.

Respectfully submitted this the 22nd day of April, 2025.

                                **PINNACLE CLIMATE TECHNOLOGIES, INC.**

                BY:    COPELAND, COOK, TAYLOR & BUSH, P.A.

                BY:    <u>/S/ WILLIAM E. WHEATFIELD, III</u>
                              Mississippi Bar No. 7161
                              <u>/S/ KAARA L. LIND</u>
                              Mississippi Bar No. 10604

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Scott E. Chabert, Jr., Esq.<br>schabert@saunderschabert.com<br>**Attorney for Plaintiff**s | Fredrick B. Feeney, II, Esq.<br>fbf@frslaw.com<br>Shellye V. McDonald, Esq.<br>svm@frslaw.com<br>H. Brook Laskey, Esq.<br>Blaskey@mlllaw.com<br>Brandon M. Meyers, Esq.<br>bmeyers@mlllaw.com<br>**Attorneys for Defendant,**<br>**Amerigas Propane, L.P.** |
| D. Stephen Brouillette, Jr., Esq.<br>Sbrouillette@daiglefisse.com<br>Jenson Varghese, Esq.<br>jvarghese@gerberciano.com<br>**Attorney for Cavagna**<br>**North American, Inc.** | William Matthew Vines<br>mvines@simmonsdallas.com<br>**Attorney for Defendant,**<br>**Tractor Supply Co.**<br><br>*/S/ WILLIAM E. WHITFIELD, III*<br>*/S/ KAARA L. LIND* |

William E. Whitfield, III
Kaara L. Lind
COPELAND, COOK, TAYLOR & BUSH, P.A.
Centennial Plaza
200 East Beach Boulevard, Building #5
Gulfport, Mississippi 39507
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 868-9077
bwhitfield@wewiii.net
klind@cctb.com