IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL GREGORY and FRAN GREGORY                      PLAINTIFFS

vs.                              CIVIL ACTION NO. 1:23-cv-239-TBM-BWR

PINNACLE CLIMATE TECHNOLOGIES, INC.
d/b/a MASTER INDUSTRIAL PRODUCTS,
CAVAGNA NORTH AMERICA, INC., AMERIGAS
PROPANE, L.P., TRACTOR SUPPLY CO., and
WORTHINGTON ENTERPRISES, INC.                      DEFENDANTS

**MOTION TO DISMISS, ANSWER AND
DEFENSES OF TRACTOR SUPPLY COMPANY
TO FOURTH AMENDED COMPLAINT**

COMES NOW Tractor Supply Company, one of the Defendants in the above styled litigation, by and through counsel, and files this its Motion to Dismiss, Answer and Defenses to the Fourth Amended Complaint filed herein.

**MOTION TO DISMISS**

The Fourth Amended Complaint fails to state a claim against this Defendant upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**ANSWER**

Answering the allegations of the Fourth Amended Complaint paragraph by paragraph, this Defendant would state as follows:

I.

Defendant hereby answers the Fourth Amended Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

4.

Admitted.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

6.

Denied.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

17.

This Defendant reincorporates its prior responses.

18.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

19.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

20.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

21.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

22.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

23.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

24.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

25.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

26.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

27.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

28.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

29.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

30.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

31.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

32.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

33.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

34.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

35.

This Defendant reincorporates its prior responses.

36.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

37.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

38.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

39.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

40.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

41.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

42.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

43.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

44.

This Defendant reincorporates its prior responses.

45.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

46.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

47.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

48.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

49.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

50.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

51.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

52.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

53.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

54.

This Defendant reincorporates its prior responses.

55.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

56.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

57.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

58.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

59.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

60.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

61.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

62.

The allegations in this paragraph do not apply to this Defendant; therefore, no response is required. To the extent a response is required, or to the extent any allegation of this paragraph is intended to impose liability upon this Defendant, these allegations are denied.

III.

Denied.

63.

It is admitted that this Defendant is a retail chain. The remainder of the allegations are denied.

64.

This Defendant reincorporates its prior responses.

65.

Denied.

66.

Denied.

All allegations in the final unnumbered paragraph beginning with the word "WHEREFORE" are denied.

## FIRST DEFENSE

Pursuant to F.R.C.P. 12(b)(7), 17 and 19, if the damages, or any part thereof, claimed by Plaintiffs in the Fourth Amended Complaint have been paid by any person, corporation or party, including any insurance company or governmental entity, which holds any rights of subrogation, assignment, loan receipt or lienholder interest as a result of such payment(s), then under F.R.C.P. 17 and 19, any and all such persons, corporations or parties whatever are real parties in interest, including for such subrogation, assignment, lien or otherwise, and must be joined as a party herein. If any such person, company or party exists, he or it should be joined by order of this Court either as Plaintiff or involuntary Plaintiff. Further, pursuant to Rules 17 and 19, any such person, corporation or party whatsoever who has paid all or any part of Plaintiffs' damages and thereby holds subrogation rights, assignment rights, lienholder rights, or rights otherwise arising through Plaintiffs's injuries, is a real party in interest herein pursuant to Rule 17; and for such payment and interest, the damages claimed in this action to the extent of such rights must be brought in the name of the subrogee, assignee, lienholder or other party whatsoever holding such interest; and Plaintiffs have no further interest or right of recovery thereto.

## SECOND DEFENSE

Plaintiffs have failed to comply with F.R.C.P. 9(g) requiring that when items of special damages are claimed, then they shall be specifically stated. This matter should be stayed until Plaintiffs fully comply with Rule 9(g). Alternatively, the Court should order Plaintiffs to comply with Rule 9(g).

## THIRD DEFENSE

Plaintiffs lack standing to bring parts of this action against Tractor Supply Company if any subrogation, lienholder interest or assignment has occurred as to any of the damages claimed by Plaintiffs, thereby leaving Plaintiffs no further interest therein to the extent of such subrogation, lienholder interest and/or assignment.

## FOURTH DEFENSE

If Plaintiffs are entitled to any recovery herein against Tractor Supply Company, which is denied, then Tractor Supply Company specially pleads the provisions of Miss. Code Ann. § 85-5-7 (1972 as amended), and any recovery against Tractor Supply Company must be limited in accordance with § 85-5-7.

## FIFTH DEFENSE

If Plaintiffs have made or do make settlement with any person or party whatsoever for all or any part of the damages claimed herein, then Tractor Supply Company is entitled to full credit for the amount of such settlement for the damages otherwise recoverable against Tractor Supply Company herein; with said settlement credit to be given in accord with the procedures so provided in Mississippi.

## SIXTH DEFENSE

Tractor Supply Company was guilty of no act, fault, negligence or want of care. Further, it is not strictly liable herein.

## SEVENTH DEFENSE

Any loss, damages, and injuries sustained by Plaintiffs herein resulted solely and proximately from the acts and omissions of persons or entities, including Plaintiffs, other than Tractor Supply Company and from sources or causes other than those alleged against Tractor

Supply Company in the Complaint and for whose acts or omissions Tractor Supply Company is not liable.

## EIGHTH DEFENSE

The losses, injuries and damages, if any, sustained by Plaintiffs were proximately caused by the intervening and superseding acts of a party or parties other than Tractor Supply Company.

## NINTH DEFENSE

Tractor Supply Company affirmatively pleads that Plaintiffs or others materially altered, changed or misused the subject products and such change, alteration or misuse was the sole proximate cause or contributing proximate cause of the damages or injuries of Plaintiffs.

## TENTH DEFENSE

The claims of Plaintiffs are barred by all applicable statutes of limitations and repose.

## ELEVENTH DEFENSE

Tractor Supply Company affirmatively pleads contributory and/or comparative fault and negligence of Michael Gregory; and any damages to which Plaintiffs would otherwise be entitled to recover herein should be reduced pro rata in accordance with Michael Gregory's own such negligence proximately contributing to their injuries and damages.

## TWELFTH DEFENSE

Alternatively, all risks, dangers, defects and hazards complained of were plainly observable and open and obvious to Michael Gregory at or before the time of the alleged accident; and all of said risks, dangers and defects, and hazards were seen and/or observed by Michael Gregory or should have been seen and/or observed by them and, therefore, were known, understood and voluntarily assumed by Michael Gregory. Further, all matters, conditions and dangers known or those which reasonably should have known by Michael Gregory which

proximately contributed to Plaintiffs's injuries bar any recovery against Tractor Supply Company herein.

**THIRTEENTH DEFENSE**

Plaintiffs' claims of negligence against Tractor Supply Company are barred as a matter of law.

**FOURTEENTH DEFENSE**

Plaintiffs have waived any claims against Tractor Supply Company based upon a failure to warn or inadequate warnings. Alternatively, Plaintiffs had adequate notice and warning of all dangers complained of.

**FIFTEENTH DEFENSE**

The component parts and products in question were improperly adjusted, used, inspected, maintained and/or operated by persons or parties other than Tractor Supply Company or by persons or parties for whom Tractor Supply Company is not and was not responsible.

**SIXTEENTH DEFENSE**

The assembled product had been materially altered, changed, or otherwise was in a condition which was materially different from the condition in which it left Tractor Supply Company's hands, so that Tractor Supply Company has no liability in the premises.

**SEVENTEENTH DEFENSE**

The alleged accident occurred solely as a proximate result of negligence and strict liability of others, or proximate fault of the Plaintiffs and/or others, for whom Tractor Supply Company is not and was not responsible.

**EIGHTEENTH DEFENSE**

Alternatively, the said component parts in question were reasonably safe for their intended purpose and were in such condition when said component parts left the custody of Tractor Supply Company.

**NINETEENTH DEFENSE**

Alternatively, the component parts constituted the state of the art and met all industry standards when they left the hands of Tractor Supply Company.

**TWENTIETH DEFENSE**

Alternatively, Tractor Supply Company pleads that the products in question were produced in accordance with the design specifications of other persons or parties and Tractor Supply Company is not liable for any alleged defects in the products, their design, manufacture and use.

**TWENTY-FIRST DEFENSE**

Tractor Supply Company affirmatively pleads that the damages as claimed by Plaintiffs are remote and that the warnings provided were fully adequate.

**TWENTY-SECOND DEFENSE**

This Defendant asserts all defenses available under Miss. Code Ann. § 11-1-63 as amended, including but not limited to paragraph (h) of the statute, which provides: "In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller or designer of a product other than the manufacturer shall not be liable unless the seller or designer exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller or designer altered or modified the product, and the alteration or modification was a

substantial factor in causing the harm for which recovery of damages is sought; or the seller or designer had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product."

## TWENTY-THIRD DEFENSE

Plaintiffs did not rely on any express or implied warranties which may have existed herein as to Tractor Supply Company; and no misrepresentations were made by Tractor Supply Company.

## TWENTY-FOURTH DEFENSE

Although denying that the Plaintiffs are entitled to punitive damages, or any relief whatsoever as against Tractor Supply Company, Tractor Supply Company would affirmatively plead:

(1) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the Unites States Constitution and Section 14 of the Mississippi Constitution;

(2) No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages available;

(3) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(4) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in

violation of the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

(5) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

(6) An award of punitive damages in this civil action would violate the equal protection provisions of the Fourteenth Amendment in that such a sanction is discriminatory and arbitrary in penalizing Tractor Supply Company on the basis of assets;

(7) To the extent that Tractor Supply Company is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be proved "beyond a reasonable doubt," and punitive damages should not be awarded without affording Tractor Supply Company the full range of criminal procedural safeguards afforded by the Fourth, Fifth and Fourth Amendments to the United States Constitution;

(8) An award of punitive damages would violate Article 1, Section X of the United States Constitution;

(9) An award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

Dated this the 29th day of April, 2025.

          Respectfully submitted,

          TRACTOR SUPPLY COMPANY,
          *Defendant*

          */s William M. Vines*
          WILLIAM M. VINES

William M. Vines, MSB No. 9902
SIMMONS DALLAS, PLLC
240 Trace Colony Park Drive, Suite 200
Ridgeland, MS 39157
Telephone: (601) 933-2040
Facsimile: (601) 933-2050
wvines@simmonsdallas.com

## CERTIFICATE OF SERVICE

  I, William M. Vines, do hereby certify that I have this day caused to be filed, via the ECF filing system, a true and correct copy of the above and foregoing document, which sent notification of said filing to all counsel of record.

  DATED this the 29th day of April, 2025.

                 */s William M. Vines*
                 WILLIAM M. VINES


ANSWER-fourth amended complaint.doc